[No. 8,102.—Department Two.]
June 29, 1882.

## BRIDGET REILLY v. LAWRENCE REILLY.

ALIMONY PENDING APPEAL—JURISDICTION—SUPREME COURT.—This Court has no jurisdiction to make an order for alimony pending an appeal.

ID.—ID.—ID.—SUPERIOR COURT.—The power over this matter is vested in the Superior Court, even pending an appeal. The appeal does not take away its jurisdiction, as the matter is not affected by the judgment appealed from.

MOTION in the Supreme Court by the appellant, for temporary alimony and counsel fees pending an appeal from a judgment of divorce in the Superior Court of Alameda County. CRANE, J.

*B. McFadden*, for Appellant.

Besides the original writs which this Court may issue, it has power to issue all other writs necessary or proper to the complete exercise of its appellate jurisdiction. (Const. of 1879, Art. vi, § 4; C. C. P., § 51.)

In both Chancery Courts and Courts of Law, in the absence of a statute conferring jurisdiction in terms, or where the statute is silent upon the subject, temporary alimony has been allowed upon the ground that it was an incidental authority to the power given to the Court to decree divorces. (*Melizet* v. *Melizet*, 1 Parson's Select Cases in Eq., 78; *Petrie* v. *The People*, 40 Ill. 339; *McGee* v. *McGee*, 10 Ga. 477; *Mix* v. *Mix*, 1 Johns. Ch. 110; *Denton* v. *Denton*, 1 id. 365; *Story* v. *Story*, Walk. Ch. (Mich.) 421; *Yeo* v. *Yeo*, 2 Dickens, 498; *Wilson* v. *Wilson*, 2 Const. Rep. 204; *Wood* v. *Wood*, 2 Paige, 115; *Galland* v. *Galland*, 38 Cal. 265.)

In the States of Michigan, Wisconsin, Tennessee, Nevada, and Vermont, motions such as this for alimony *pendente lite* and for counsel fees have been granted by the Supreme Court. (*Goldsmith* v. *Goldsmith*, 6 Mich. 285; *Helden* v. *Helden*, 9 Wis. 557; *Krause* v. *Krause*, 23 id. 354; 41 Vermont, 180; *Lake* v. *Lake*, 9 Pac. C. L. J. 199; King's Tenn. Digest, 2d ed., Vol. ii., p, 933, Sec. 6, under the caption "Divorce and Alimony.").

Courts will construe liberally constitutional provisions respecting their jurisdiction, and in favor of a right, unless imperatively required by the language of the Constitution to give them a different construction. (*Perry* v. *Ames*, 26 Cal. 372; *Conant* v. *Conant*, 10 id. 249; *Courtwright* v. *Bear R. & A. W. Co.*, 30 id. 573; *Cariaga* v. *Dryden*, 30 id. 246; *Appeal of S. O. Houghton*, 42 id. 35; *Hill* v. *Finnigan*, 54 id. 493.)

*R. A. Redman*, for Respondent.

The cases cited by counsel, 6 Mich. 285; 9 Wis. Rep. 557, and 23 Wis. Rep. 354, though apparently in point, afford no assistance in the determination of the question in this Court. The Constitutions of those States as they stood at the dates of those decisions show that there is a marked difference be-

tween their provisions and ours. In both of those States they may grant "original and remedial" writs, etc. Section 4 of Article vi. defines the jurisdiction of this Court, and the powers necessary to be exercised in granting appellant's motion, we claim to be exercising original jurisdiction (not in aid of its appellate jurisdiction, for it is in full possession of the case on appeal), and not only would it be exercising original jurisdiction, but usurping the identical powers conferred upon the Superior Courts by Section 5 of the same Article.

Construing these two sections together it would seem that the expression of the one in Section 5, and the failure to adopt such language as is used in the Constitutions of Wisconsin, Michigan, and many of the other new States, would warrant the construction that the exercise of original jurisdiction in matters of this kind was limited to the lower Court.

THORNTON, J. :

This is a motion made in this Court for alimony pending an appeal. We do not think any such jurisdiction is vested in this Court. Only appellate jurisdiction is conferred on this tribunal by the organic law defining its jurisdiction, and the jurisdiction invoked here is, in our view, original. It is true that power is also vested in this Court to issue all writs necessary or proper to the complete exercise of its appellate jurisdiction. But no writ is necessary or proper here. The appellate jurisdiction can be exercised without it. The power over this matter is vested in the Superior Court, even pending an appeal. The appeal does not take away its jurisdiction, as the matter is not affected by the judgment appealed from. (C. C. P., 946.) The cause is still pending in the Superior Court for the purpose sought to be attained by this motion.

The motion is denied.

MYRICK and SHARPSTEIN, JJ., concurred.