(March 23, 1917.)

JAMES F. CALLAHAN, Plaintiff, v. Honorable ROBERT N. DUNN, One of the Judges of the District Court of the Eight Judicial District, Defendant.

[164 Pac. 356.]

DIVORCE—MOTION FOR ALIMONY—PLACE OF HEARING.

1.   A motion for alimony and suit money in an action for divorce must be heard in the county or district in which the action is pending.

2.   An order for alimony and suit money cannot be made in an original proceeding in this court instituted for the purpose of prohibiting a trial judge from exceeding his powers in a divorce action.

[As to suits for alimony and when same maintainable independently of suits for divorce, see note in 77 Am. St. 228.]

APPLICATION for a Writ of Prohibition to Honorable Robert N. Dunn, one of the Judges of the Eighth Judicial District.   Writ allowed.

· W. H. Hanson and H. L. Heward, for Plaintiff.

As a general rule, a judge cannot make orders in a cause pending in a court outside of the limits of his territorial jurisdiction.   (23 Cyc. 560.)

The legislature of Idaho has conferred no power upon a judge to hear a motion or to take any steps in a cause pending in another district while resident in and acting in his own district.   The only two sections of the codes pertinent on this question are secs. 2886 and 3894.

If they can drag us to Sandpoint to oppose this motion we can also be haled to Pocatello, Malad or St. Anthony to argue the demurrer we have filed to their second amended answer and cross-complaint.   Such was never the intention of the legislature.   It is not the object of the law or the courts to oppress litigants or punish plaintiffs for coming into court. (*Goodwin v. Monds,* 101 N. C. 354, 7 S. E. 793; *McNeill v. Hodges,* 99 N. C. 248, 6 S. E. 127; *Cook v. Walker,* 15 Ga.

457; *Simmons v. Cooledge,* 95 Ga. 50, 21 S. E. 1001; *Martin v. O'Brien,* 34 Miss. 21; *Dobbs v. State,* 5 Okl. Cr. 475, 114 Pac. 358, 115 Pac. 370.)

Under the provisions of sec. 4995, Rev. Codes, a writ of prohibition will be issued upon proper complaint or petition to arrest proceedings, which are without or in excess of the jurisdiction of such tribunal, in all cases where there is not a plain, speedy and adequate remedy in the ordinary course of law. (*Cronan v. First Judicial District Court,* 15 Ida. 184, 96 Pac. 768; *Hayne v. Justice's Court,* 82 Cal. 284, 16 Am. St. 114, 23 Pac. 125; *Havemeyer v. Superior Court,* 84 Cal. 327, 18 Am. St. 192, 24 Pac. 121, 10 L. R. A. 627; *Stoddard v. Superior Court,* 108 Cal. 303, 41 Pac. 278.)

In Idaho and states having a similar appellate practice there is and can be no appeal from an order in a divorce case for the payment of alimony *pendente lite,* suit money or counsel fees. (*Wyatt v. Wyatt,* 2 Ida. 236, 10 Pac. 228.)

An application of this character must be first made to the district court in which the action is pending, and must be accompanied by a showing of necessity, which is noticeably lacking here. (*Roby v. Roby,* 9 Ida. 371–374, 3 Ann. Cas. 50, 74 Pac. 957; 1 R. C. L., sec. 47, p. 901; *Bronk v. State,* 43 Fla. 461, 99 Am. St. 119, 31 So. 248; *St. Louis K. & S. Ry. Co. v. Wear,* 135 Mo. 230, 36 S. W. 357, 658, 33 L. R. A. 341; *Cizek v. Cizek,* 69 Neb. 797, 5 Ann. Cas. 464–467, 96 N. W. 657, 99 N. W. 28; *Chapman v. Parsons,* 66 W. Va. 307, 135 Am. St. 1033, 19 Ann. Cas. 453–454, 66 S. E. 461, 24 L. R. A., N. S., 1015; *Wilson v. Wilson,* 49 Iowa, 544; *Corder v. Sparke,* 37 Or. 105, 51 Pac. 647; *Maxwell v. Maxwell,* 67 W. Va. 119, 67 S. E. 379, 27 L. R. A., N. S., 712.)

H. H. Parsons and Featherstone & Fox, for Defendant.

A necessitous wife, whether plaintiff or defendant, is entitled to such a reasonable allowance from husband, in addition to alimony *pendente lite,* as shall place her, all things considered, on a parity with him as to the means of litigating their dispute. (*Taylor v. Taylor,* 70 Or. 510, 134 Pac. 1183, 140 Pac. 999; *Courtney v. Courtney,* 4 Ind. App. 221, 30 N. E.

914; *Davis v. Davis,* 141 Ind. 367, 40 N. E. 803; *Green v. Green,* 40 How. Pr. (N. Y.) 465; *Rose v. Rose,* 109 Cal. 544, 42 Pac. 452; *Szymanski v. Szymanski,* 151 Wis. 145, 138 N. W. 53; *Beaulieu v. Beaulieu,* 114 Minn. 511, 131 N. W. 481; *Varney v. Varney,* 52 Wis. 120, 38 Am. Rep. 726, 8 N. W. 739; *Kiddle v. Kiddle,* 90 Neb. 248, Ann. Cas. 1913A, 796, 133 N. W. 181, 36 L. R. A., N. S., 1001.)

RICE, J.—James F. Callahan instituted proceedings in the district court of the first judicial district, in and for the county of Shoshone, against Helen Elizabeth Callahan for the purpose of obtaining a decree of divorce and settlement of property rights between the parties.

On January 2, 1917, upon the application of the defendant in that action, an order was entered changing the place of trial of said cause "to the district court of the eighth judicial district of the state of Idaho and to the Honorable Robert N. Dunn, one of the judges of the said district court."

On January 10, 1917, James F. Callahan perfected an appeal from the order changing the place of trial. On the same date Helen Elizabeth Callahan served upon the attorneys for James F. Callahan in said action a second amended answer and cross-complaint and affidavits in support of a motion and notice of motion for suit money, attorney's fees and temporary alimony. The pleadings and other papers so served were all entitled in the district court of the first judicial district of Idaho, in and for the county of Shoshone.

The notice was to the effect that the defendant would move the Honorable Robert N. Dunn, one of the Judges of the eighth judicial district of the state of Idaho, to grant the order. The concluding portion of the notice is as follows: "The said motion will be made before the said Honorable Robert N. Dunn, Judge of the district court of the eighth judicial district, as aforesaid, under the provisions of section 3894 of the Revised Codes of the State of Idaho, and by reason of the absence of the said Honorable William W. Woods, Judge of the above entitled court from the state of Idaho, said absence being evidenced, among other things, by the cer-

tificate of the clerk of the above entitled court, which said certificate is also hereunto annexed, hereby referred to and made a part hereof.''

The certificate referred to states that the Honorable William W. Woods, Judge of the first judicial district of the state, was absent from the district and the state, having left on January 2, 1917. The plaintiff was notified that the motion would be heard on January 20, 1917, at chambers in the courthouse in the city of Wallace, Shoshone county, Idaho.

It further appears that Judge Dunn was unable to hear the motion on the day specified in the notice, and orally notified the plaintiff's attorneys that the hearing would not be had until January 29th. On January 16, 1917, Judge Dunn made the following order: ''It is ordered that the time of the notice of motion of the defendant in the above-entitled action for temporary alimony, suit money and attorney's fees be and the same hereby is shortened, and that the said motion be set for hearing and heard before the undersigned Judge at chambers in the courthouse at Sandpoint, Bonner county, Idaho, on the 20th day of January, A. D. 1917, at 2 o'clock in the afternoon of said day, or as soon thereafter as counsel can be heard.''

The said order was made at chambers at Sandpoint, in the county of Bonner and within the eighth judicial district of the state. It was served on the attorney for James F. Callahan on January 17, 1917. On January 18, 1917, it was stipulated by the attorneys for the parties to said action that the time for the hearing might be fixed for January 24, 1917, without the said James F. Callahan waiving any of his rights, legal or otherwise, and saving all his right to question and challenge the jurisdiction of the said Robert N. Dunn to hear such matter at said or any time or place. Upon application of James F. Callahan an alternative writ of prohibition was issued out of this court to the defendant, directing him to show cause why such alternative writ should not be made absolute.

Helen Elizabeth Callahan gave her notice of application for alimony, suit money and attorney's fees upon the theory that the original divorce action is still pending in the district court

of the first judicial district, in and for the county of Shoshone. The substance of the notice of motion expressly states that the matter is to be heard before the Honorable Robert N. Dunn, one of the judges of the eighth judicial district, on account of the absence of the judge of the first judicial district, and pursuant to sec. 3894, Rev. Codes.

Said section of the Revised Codes, as amended Sess. Laws 1911, p. 676, provides: "In case of a vacancy in the office of any District Judge, or in his absence from the Judicial District or State, or his sickness or inability to act from any cause, motions may be made before, or orders granted by, any other District Judge, who shall have the same jurisdiction under this chapter as though he was the judge of said district, and orders, writs and judgments entered by such judge shall be made matters of record as herein directed and have the same effect as though made by the judge of said district."

This notice precludes any contention that the matter was pending in any county comprising the eighth judicial district. It was wholly insufficient to empower any court of the eighth judicial district, or any judge thereof, to hear the motion or make an order therein. In view of this condition of the record the consideration of this case will proceed upon the theory that the order changing venue did not divest the district court of Shoshone county of jurisdiction, and that the matter is still pending therein.

Under sec. 3894, as amended, jurisdiction is conferred upon a judge of any other district, to the same extent as the judge of the district for whom he is acting. He is also bound by the same limitations.

The action of Judge Dunn in setting the hearing at Sandpoint, in Bonner county, was not taken pursuant to the original notice served in the case of *Callahan v. Callahan*, which notified plaintiff in that action that the motion would be heard on January 20, 1917, at chambers in the courthouse in the city of Wallace, Shoshone county, Idaho. This action assumed that under the provisions of sec. 3894, Rev. Codes, as amended, in the absence of a district judge from his district,

a district judge of any district in the state might hear the motion out of the district in which the action was pending.

Sec. 4881, Rev. Codes, is as follows: "Motions must be made in the county in which the action is pending, or in any county in the same judicial district. Orders made out of court may be made by the judge of the court in any part of the State."

This section was first enacted in Idaho by the Eleventh Territorial Session (Chap. XLIV, Laws 1881, p. 158). Sec. 58 of this same act, enumerates the powers of district judges at chambers, and reads as follows: "District Judges, at chambers, may grant all orders and writs which are usually granted in the first instance upon *ex parte* applications, and may, at chambers, hear and dispose of such writs and of motions for new trials, and try and determine writs of review, mandate and prohibition, and may hear applications to discharge all such orders and writs. In case of vacancy in the office of any District Judge, or his absence from the Territory, motions may be made before and orders granted by any other District Judge."

Since the enactment of said sections, the powers of district judges at chambers in Idaho have been greatly enlarged. (See Sess. Laws 1905, p. 7, and sec. 3890, Rev. Codes.)

The same act which enlarged the powers of district judges at chambers contained what is now sec. 3893, Rev. Codes, which is as follows: "Unless otherwise specified by the District Judge, all chamber matters shall be heard at the Judge's chambers in the county where said Judge resides, but said Judge is hereby granted jurisdiction and power to sit at chambers in any other county in his district than that in which he lives:" (See Sess. Laws 1905, p. 7.)

It would seem that sec. 3893 was intended to apply to judges of the district, and that when a judge of another district, under sec. 3894, assumes to act for an absent or disabled judge, he is subject to the limitations prescribed by sec. 3893.

In the case of *Matthews v. Superior Court,* 68 Cal. 638, at p. 641, 10 Pac. 128, the court construed sec. 1004 of the California Code of Civ. Procedure, which is substantially the

same as sec. 4881 of our codes, in the following language:
"Orders made out of court may be made by the judge of the
court in any part of the state (Code Civ. Procedure, sec.
1004). Motions referred to under sec. 1004, just cited, which
by it are required to be made in the county, or city and
county in which the action is pending, in our opinion, are such
motions as must be heard at court and not *ex parte* motions
which may be heard and passed on at chambers."

We think that the proper construction of these various stat-
utory provisions requires that all motions of which notice must
be given, and which may be contested, must be made and
heard in the county in which the action is pending or in any
county in the same judicial district, and that orders which
may be made in any part of the state, as provided by sec. 4881,
are *ex parte* orders which may be made without notice.

We conclude, therefore, that Judge Dunn would not have
power to hear the motion at Sandpoint, without the confines
of the first judicial district.

Helen Elizabeth Callahan has filed a motion to quash the
writ of prohibition in this action, and the service thereof, and
has asked this court for an allowance of $2,000 as attorney's
fees for prosecuting this matter, and the further sum of $250
for costs and disbursements necessarily incurred herein. She
has supported her application for attorney's fees and expense
money by her own affidavit and that of her attorneys.

An examination of secs. 2662 and 2673, Rev. Codes, clearly
shows that original jurisdiction in the matter of granting ali-
mony and suit money in connection with divorce actions is
vested in the district courts and the judges thereof at cham-
bers. It is clear that this court does not have original juris-
diction in such matters. Such orders are made by this court
only where it is necessary to a complete exercise of its appel-
late jurisdiction. (*Roby v. Roby*, 10 Ida. 139, 77 Pac. 213;
*Stoneburner v. Stoneburner*, 11 Ida. 603, 83 Pac. 938; *Spof-
ford v. Spofford*, 18 Ida. 115, 108 Pac. 1054.)

This is not an action for divorce. Helen Elizabeth Calla-
han is not a party to this action. There is no provision in
the statute for the allowance of attorney's fees in an action

of this nature. (*Jenkins v. Commercial Nat. Bank,* 19 Ida. 290, 113 Pac. 463.)

The alternative writ heretofore issued by this court must be made absolute. Costs not awarded to either party.

Budge, C. J., and Morgan, J., concur.