(October 24, 1921.)

## THEO. ENDERS, Respondent, v. RUTH` ENDERS, Appellant.

[201 Pac. 714.]

DIVORCE—APPLICATION FOR ATTORNEY FEES IN APPELLATE COURT—APPELLATE JURISDICTION.

1. Under art. 5, sec. 9, of the constitution of this state, the supreme court has jurisdiction to entertain an original application for attorney fees on behalf of one of the parties to a divorce action, upon a proper showing that the granting of such relief is necessary to the exercise of its appellate jurisdiction.

2. Where an action for divorce is brought by the husband, the wife is entitled to be provided with means at the expense of the husband for an efficient preparation of her case on appeal, where it appears that she is without means, and that all the property of the parties was awarded to the husband by the decree of the lower court.

3. In an action for divorce, considerations of justice and public policy require that the wife be afforded an opportunity to be properly represented by counsel before her property and other rights are adjudicated by the appellate court.

4. Under C. S., secs. 4642 and 4653, original jurisdiction in the matter of granting alimony and suit money in divorce actions is vested in the district court, and such relief is granted by the appellate court only where it is necessary to a complete exercise of its appellate jurisdiction.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. O. R. Baum, Judge.

Action for divorce. Defendant appeals from decree awarding property to plaintiff. Defendant's application for attorney fees on appeal, granted in part. Application for temporary alimony, denied.

Publisher's Note.

1. Allowance of attorney fees by appellate courts in divorce actions, see notes in 15 Ann. Cas. 230; Ann. Cas. 1915B, 1251; 27 L. R. A., N. S., 714; L. R. A. 1916F, 1261.

Peterson & Coffin and H. E. Ray, for Appellant, cite no authorities.

D. W. Standrod, C. M. Booth, C. D. Smith and Jas. B. Bacon, for Respondent.

"The trial judge is in a better position than this court to know the amount of money necessary for the payment of costs and disbursements in the prosecution of an appeal and the ability of the husband to meet such requirements." (*Roby v. Roby*, 9 Ida. 371, 3 Ann. Cas. 50, 74 Pac. 957.)

BUDGE, J.—This is an original application in this court for an order directing respondent to pay a certain sum of money to appellant for attorney fees in the prosecution of her appeal, and for temporary alimony.

An application for the payment of costs, expenses and attorney fees was made to the trial judge, whereupon an order was made directing that respondent pay the clerk of the court an amount necessary to cover the transcript on appeal, the filing fee in the supreme court, and the sum of $30 to cover the cost of printing briefs, but denying the application for attorney fees.

A motion has been made by respondent to dismiss appellant's application in this court upon the ground that no appeal was taken from the order made by the district judge, disallowing the attorney fees, and that, therefore, this court is without jurisdiction to entertain appellant's application. With this contention we are not in accord.

Art. 5, sec. 9, of the constitution provides that: "The supreme court shall . . . . have . . . . jurisdiction to issue . . . . all writs necessary or proper to the complete exercise of its appellate jurisdiction." (*Roby v. Roby*, 9 Ida. 371, 3 Ann. Cas: 50, 74 Pac. 957; *Stoneburner v. Stoneburner*, 11 Ida. 603, 83 Pac. 938; *Day v. Day*, 12 Ida. 556, 10 Ann. Cas. 260, 86 Pac. 531; *Spofford v. Spofford*, 18 Ida. 115, 108 Pac. 1054; *Callahan v. Dunn*, 30 Ida. 225, 164 Pac. 356; *Callahan v. Callahan*, 33 Ida. 241, 192 Pac. 660; 14 Cyc. 745.)

As will be observed from the foregoing authorities, this court has jurisdiction to entertain appellant's application upon a proper showing that the granting of such relief is necessary to a complete exercise of its appellate jurisdiction. (*Callahan v. Dunn*, 30 Ida. 225, at 231, 164 Pac. 356.)

From the record on appeal in this case it appears that respondent's complaint was dismissed and a decree of divorce granted to appellant upon her cross-complaint, and that all of the property owned or possessed by appellant and respondent was awarded to the latter. Whether this property is the separate property of respondent or community property is a question to be determined when the cause is submitted upon the merits.

Appellant's application is supported by the affidavit of one of her attorneys, who, upon information and belief, alleges that appellant is now, and since the rendition of the decree of divorce has been, compelled to seek aid from friends and relatives for her support; that she is in indigent circumstances and unable to pay counsel to prosecute her appeal; and that she has agreed to pay a reasonable attorney fee, and prays that this court make an order allowing her the sum of $1,000 for prosecuting her appeal.

Respondent, in resisting appellant's application, filed an affidavit setting out his resources and liabilities, and alleging that he is unable to procure and advance any further sums for attorney fees or alimony.

Where it appears that all of the property of the husband and wife has been awarded to the husband, and the wife is without means to employ counsel to properly protect her interests on appeal, we do not think a showing of poverty by the husband should defeat her application, particularly where the action for divorce was brought by the husband, since he should not be permitted to maintain an action against his wife for divorce if he cannot furnish sufficient means for the wife to enable her to make her defense. A wife is entitled to be provided with means at the expense of the husband for an efficient preparation of her case on

appeal, where it appears that she is without means and all of the property of the parties was awarded to the husband. Considerations of justice and public policy demand an opportunity for the wife to be represented before her property and other rights are passed upon by the appellate court.

While respondent in his affidavit does not challenge the reasonableness of the amount of attorney fees prayed for by appellant, yet we think that $250 is a reasonable amount to be allowed appellant for that purpose at this time, reserving the right, however, to determine upon the final submission of the cause whether any additional amount should be allowed for services rendered or to be rendered upon the prosecution of her appeal.

In passing, we feel constrained to say that we do not wish to be understood as encouraging original applications to this court for attorney fees, alimony or suit money. Application should be made to the trial court. As was said by this court in the case of *Callahan v. Dunn,* 30 Ida., at page 231, 164 Pac. 357:

"An examination of sections 2662 and 2673, Revised Codes, clearly shows that original jurisdiction in the matter of granting alimony and suit money in connection with divorce actions is vested in the district courts and the judges thereof at chambers. It is clear that this court does not have original jurisdiction in such matters. Such orders are made by this court only where it is necessary to a complete exercise of its appellate jurisdiction."

This court will review upon appeal an order of the district court allowing or disallowing alimony, suit money or attorney fees.

In view of the foregoing, it is ordered that respondent be, and he is hereby, directed to pay to the clerk of this court, for the benefit of appellant, the sum of $250 for the purpose stated, within thirty days after the filing of this opinion. The application for temporary alimony will be denied.

Rice, C. J., and McCarthy, Dunn and Lee, JJ., concur.