(October 30, 1923.)

# EFFIE K. GALBRAITH, Plaintiff, v. EDWARD M. GALBRAITH, Defendant.

[219 Pac. 1059.]

DIVORCE—APPLICATION FOR TEMPORARY ALIMONY IN APPELLATE COURT—APPELLATE JURISDICTION.

1. Under art. 5, sec. 9, of the constitution of this state, the supreme court has jurisdiction to entertain an original application for temporary alimony, where the same is in aid of its appellate jurisdiction.

2. Under the provisions of C. S., sec. 4642, the district court has jurisdiction, upon a proper showing, to award temporary alimony pending an appeal to the supreme court, although the decree of divorce has been denied to both parties.

3. *Held,* that showing made is insufficient to justify relief prayed for.

Original application for temporary alimony. *Denied.*

Thomas & Andersen, for Plaintiff.

The allowance of alimony to the wife and counsel fees pending an action of divorce rests in the discretion of the trial court and is not appealable. (*Wyatt v. Wyatt,* 2 Ida. 236, 10 Pac. 228; C. S., sec. 4642.)

While original jurisdiction to grant alimony under C. S., sec. 4642, is conferred upon the district courts, in a proper case the supreme court will grant relief upon application if the application is first made to the district court and erroneously denied. (*Enders v. Enders,* 34 Ida. 381, 201 Pac. 714, 18 A. L. R. 1492.)

Where the trial judge fails to make a discretionary order for the reason that he believes he is without authority to do

Publisher's Note.

2. Jurisdiction to award temporary alimony, suit money and counsel fees, pending appeal to divorce suit, see notes in 3 Ann. Cas. 51; 15 Ann. Cas. 229; Ann. Cas. 1915B, 1249; 18 A. L. R. 1494; 27 L. R. A., N. S., 712.

so, such abuse of discretion will be corrected by the appellate tribunal. (*Watt v. Stanfield,* 36 Ida. 366, 210 Pac. 998.)

The supreme court has power to allow temporary alimony pending an appeal. (*Kjellander v. Kjellander,* 90 Kan. 112, Ann. Cas. 1915B, 1246, 132 Pac. 1170, 45 L. R. A., N. S., 943; *Kostachek v. Kostachek* (Okl.), 124 Pac. 761; *Duxstad v. Duxstad,* 16 Wyo. 396, 15 Ann. Cas. 228, 94 Pac. 463.)

A. S. Dickinson, for Respondent.

The matter of the allowance or disallowance of alimony as well as attorney's fees in divorce actions is committed to the discretion of the trial court and unless such discretion is abused the judgment on appeal will not be disturbed. (*Donaldson v. Donaldson,* 31 Ida. 180, 170 Pac. 94.)

There is no transcript of the evidence before the court in this case, and this court exercising only appellate jurisdiction is unable to judge whether or not the trial court abused its discretion in declining to allow the plaintiff alimony pending her appeal. (*Roby v. Roby,* 9 Ida. 371, 3 Ann. Cas. 50, and note, 74 Pac. 947; *Day v. Day,* 12 Ida. 556, 10 Ann. Cas. 26, 86 Pac. 531; *Spofford v. Spofford,* 18 Ida. 115, 108 Pac. 1054; *Maxwell v. Maxwell,* 67 W. Va. 119, 67 S. E. 397, 27 L. R. A., N. S., 712.)

BUDGE, C. J.—This is an original application by the plaintiff praying for an order for allowance of alimony pending appeal. From the record it appears that the plaintiff brought an action for divorce against the defendant in the district court of the sixth judicial district. To plaintiff's complaint defendant filed an answer and cross-complaint. Whereupon plaintiff filed an answer to the cross-complaint. Upon the issues thus framed the cause was tried to the court. The judgment of the court was that neither of the parties was entitled to a decree of divorce. Plaintiff thereafter filed a motion for a new trial, which was overruled. From the judgment and from the order overruling the motion for a new trial plaintiff appealed. There-

after plaintiff made application to the trial court for an order directing the defendant to pay certain costs on appeal, together with counsel fees and temporary alimony pending the determination of the appeal, and also for a restraining order enjoining the defendant from disposing of his property in the meantime. The trial court made an order allowing costs on appeal together with counsel fees, but refused to allow temporary alimony and further denied the application for a restraining order. Whereupon this proceeding was resorted to.

The only question necessary to be determined, as we view it, is whether or not the showing made is sufficient to authorize the allowance of temporary alimony. Under the provisions of art. 5, sec. 9, of the constitution this court has jurisdiction in divorce actions, upon perfection of the appeal, to make allowances for suit money, attorneys' fees and temporary alimony, the same being in aid of its appellate jurisdiction. (*Enders v. Enders,* 34 Ida. 381, 18 A. L. R. 1492, 201 Pac. 714; *Callahan v. Dunn,* 30 Ida. 225, 164 Pac. 356.) While original jurisdiction to grant alimony under C. S., sec. 4642, is vested in the district court in a proper case, this court is not without authority to grant alimony pending appeal. (*Roby v. Roby,* 9 Ida. 371, 74 Pac. 957.)

We have carefully examined plaintiff's application, together with the showing made in support thereof, and have reached the conclusion that it is not sufficient to justify this court in granting the relief prayed for. The application is therefore denied.

McCarthy, Dunn, William A. Lee and Wm. E. Lee, JJ., concur.