## NORMAN P. VOLLMER, Plaintiff, v. ESTHER A. VOLLMER, Defendant.

[253 Pac. 622.]

DIVORCE — APPLICATION FOR ALIMONY PENDING APPEAL — APPELLATE JURISDICTION.

1. While, under C. S., secs. 4642, 4653, district court has original jurisdiction to require husband, pending appeal in divorce action, to pay the wife, as alimony, moneys necessary to enable her to support herself and children and to prosecute or defend the appeal, the supreme court, under Const., art. 5, sec. 9, has original jurisdiction to require payment of alimony only when necessary or proper to complete exercise of its jurisdiction, so that supreme court will deny an original application therefor, where made before the record on appeal reached such court, and where wife's attorneys have accepted from husband, in pursuance of order of district court, a sum as attorney's fees and to pay expenses of appeal, insuring a complete presentation of her case on appeal.

2. Supreme court, on original application for order on husband to pay alimony, pending appeal in divorce action, will not decide whether it will hear appeal of one who has failed to comply with trial court order for payment of alimony for support of wife and children, pending appeal.

Original application for suit money and alimony pending appeal. *Denied.*

James F. Ailshie and James F. Ailshie, Jr., for Defendant.

The jurisdiction of the court to grant the relief sought is well established. (*Roby v. Roby,* 9 Ida. 371, 3 Ann. Cas. 50, 74 Pac. 957; *Stoneburner v. Stoneburner,* 11 Ida.

Publisher's Note.

1. Allowance of counsel fees to wife to prosecute or defend appeal in matrimonial action, see note in 18 A. L. R. 1494. See, also, 1 R. C. L. 882.

See Divorce, 19 C. J., sec. 498, p. 205, n. 50; sec. 537, p. 226, n. 7; sec. 538, p. 226, n. 11; sec. 547, p. 233, n. 8.

603, 83 Pac. 938; *Spofford v. Spofford,* 18 Ida. 115, 108 Pac. 1054; *Mathers v. Mathers,* 40 Ida. 189, 232 Pac. 573.)

"Under the provisions of art. 5, sec. 9, of the Const., this court has jurisdiction in divorce actions upon perfection of the appeal to make allowance for suit money, attorney's fees, and temporary alimony; the same being in aid of its appellate jurisdiction. (*Enders v. Enders,* 34 Ida. 381, 201 Pac. 714, 18 A. L. R. 1492; *Callahan v. Dunn,* 30 Ida. 225, 164 Pac. 357.)   While original jurisdiction to grant alimony under C. S. 4642 is vested in the district court in a proper case, this court is not without authority to grant alimony pending appeal." (*Galbraith v. Galbraith,* 38 Ida. 15, 219 Pac. 1059; *Roby v. Roby, supra.*)

It is just as essential that a wife and child live and be provided for during the pendency of the appeal, as it is that property in litigation be preserved by the appointment of a receiver during the pendency of an appeal. (*Chemung Mining Co. v. Hanley,* 11 Ida. 302, 81 Pac. 619; *Riggen v. Perkins,* 40 Ida. 486, 234 Pac. 161.)

J. L. Phillips, E. R. Whitla and O. C. Moore, for Plaintiff.

The allowance of alimony is not necessary to the exercise of appellate jurisdiction. (*Reill v. Reill,* 60 Cal. 624; *Rohnert v. Rohnert,* 91 Cal. 428, 27 Pac. 732; *Gay v. Gay,* 146 Cal. 237, 79 Pac. 885; *Hunter v. Hunter,* 100 Ill. 477; *Kesler v. Kesler,* 39 Ind. 153; *State v. St. Louis Ct. Appeals,* 88 Mo. 135.)

The supreme court will not assume jurisdiction in an independent proceeding to impose and require payment of allowances of the character in question, where, as in this instance, such an allowance has already been granted by the district court. (*Hay v. Hay,* 40 Ida. 624, 235 Pac. 902.)

WM. E. LEE, C. J.—The district court for Latah county tried the divorce case of *Norman P. Vollmer v. Esther A. Vollmer.*   It denied a divorce to either of the parties, but allowed the wife $5,000 attorneys' fees, court costs, $300 per month alimony, etc.   Each of the parties has appealed.

After notice of appeal was filed by the husband, hereinafter designated as plaintiff, the defendant wife applied in the district court for an order requiring him to pay $300 per month for the support and maintenance of herself and minor child pending the appeal; $437 to pay the expense of her appeal; and $5,000 to pay her attorneys for the preparation of her case on appeal. The court granted the application to the extent of ordering plaintiff to pay $300 for attorneys' fees, $100 for the costs and expenses of the appeal, and alimony of $150 per month, commencing August 15, 1926, during the pendency of the appeal. In compliance with the order, plaintiff has paid the required sum for attorneys' fees and costs and expenses but has not paid anything as alimony for the support and maintenance of defendant and her child. The decree and order are in full force and effect, the enforcement of neither having been stayed.

[1] Prior to the filing of the transcript on appeal, defendant filed what she termed an "original application made in this court for suit money and alimony pending appeal." The statute (C. S. 4642, 4653) vests in the district court original jurisdiction to require the husband, during the pendency of an appeal from a judgment in a divorce action, to pay the wife, as alimony, moneys necessary to enable her to support herself and her children and to prosecute or defend the appeal. (*Roby v. Roby,* 9 Ida. 371, 3 Ann. Cas. 50, 74 Pac. 957.) An order requiring such payment is appealable. (*Roby v. Roby, supra; Enders v. Enders,* 34 Ida. 381, 201 Pac. 714, 18 A. L. R. 1492.) The supreme court has original jurisdiction to require the payment of alimony only when necessary or proper to the complete exercise of its appellate jurisdiction. (Const., art. 5, sec. 9; *Roby v. Roby, supra; Callahan v. Dunn,* 30 Ida. 225, 164 Pac. 357; *Enders v. Enders, supra; Hay v. Hay,* 40 Ida. 624, 235 Pac. 902.) While, therefore, the district court may require the husband, during the pendency of an appeal, to pay the wife, as alimony, the money necessary to enable her to support herself and her children and prosecute or

defend the appeal, this court may only require such payment when necessary or proper to the complete exercise of its appellate jurisdiction. To secure the exercise of the original jurisdiction of this court to require such payment it must be made to appear that an appeal has been taken to this court and that there is, therefore, occasion for the exercise of its appellate jurisdiction; and one seeking such an order by this court is also required to show, not so much that the payment of the moneys sought is necessary for the support of the wife and children, but rather that it is necessary and proper to the complete exercise of its appellate jurisdiction.

That this application was made prior to the time the record reached this court, under the authority of *Roby v. Roby*, is alone probably sufficient to justify the denial of the application. It is not necessary, however, to rest the decision solely on this ground. Defendant's attorneys have accepted payment from plaintiff, in pursuance of the order of the district court, of $350 attorneys' fees and $100 to pay the expense of the appeal. This insures a full presentation of defendant's case on appeal; and it does not appear that the full and complete exercise of our appellate jurisdiction, with respect to this cause, depends on or would be, in the remotest degree, affected by granting this application.

The application is denied.

Taylor and T. Bailey Lee, JJ., concur.

(March 1, 1927.)

ON PETITION FOR REHEARING.

WM. E. LEE, C. J.—Counsel for defendant contends, in his petition for rehearing, that this court did not decide the "real question" presented. It is readily admitted that, in view of the rather wide range followed by counsel on both sides, the court experienced some difficulty in determining the "real question" for decision. It was felt, however, that, since the petition was presented on behalf of the defendant, we would not go far afield in deciding what her counsel represented to be the "real question." Their brief was entitled: "Defendant's Brief on Application for Suit Money and Alimony Pending Appeal." The brief starts out as follows:

"This is an original application made in this court for suit money and alimony pending appeal."

On the same page the following statement was made:

"The application also prayed for an order staying all proceedings on the appeal by appellant herein, and enjoining him from further prosecuting his appeal until he complies with such order as this court shall make with reference to suit money and attorneys' fees."

Further on counsel state:

" . . . . , this is an original application made in this court and when we come to specify the amount we are asking the court to grant us pending the appeal, we ask for the same amount which the district court, upon the trial of the issues, and by its findings and decree, decided we were entitled to receive, namely. . . . . "

Having denied the "original application made in this court for suit money and alimony pending appeal," there was nothing else to determine, and a further examination of the briefs filed by counsel, who now complain, convinces us that we were justified in this view.

[2] This court will not decide whether it will hear the appeal of a plaintiff in a divorce case, who has failed to

comply with an order of the trial court, directing him to pay the wife, as alimony, moneys necessary to enable her to support herself and their children, during the pendency of the appeal, until that question is presented and necessary to be determined.

The petition is denied.

Budge, Givens, Taylor and T. Bailey Lee, JJ., concur.

Petition for rehearing denied.