193 P.2d 395

Ex parte COLE et al.

COLE v. COLE.

No. 7421.

Supreme Court of Idaho.

April 27, 1948.

H. J. Swanson, of Pocatello, for appellant.

C. M. Jeffery, of Pocatello, for respondent.

258

MILLER, Justice.

March 10, 1948, Hon. L. E. Glennon, District Judge, made an order in the District Court of the Fifth Judicial District of the state of Idaho, in and for the county of Bannock, for the payment of attorney fees and costs on an appeal to the Supreme Court. The recitals in connection therewith are to the effect that the trial court having theretofore, on January 17, 1948, ordered, adjudged and decreed that the decree of divorce of the district court of Weber county, state of Utah, entered May 10, 1947, and the order of said court entered September 30, 1947, awarding the custody and control of the two minor children namely, Glenda Cole and Dallas Harvey Cole, to the mother (Viola G. Cole) during the school term, should be given full faith and credit, and that the immediate custody of the two children should be awarded to the petitioner Viola G. Cole, in accordance with the decree and order of the Utah court. The defendant, Harvey Cole, filed a notice of appeal, January 17, 1948, and refused to comply with the order of the Utah court and the order of the district court of January 17, 1948. Viola G. Cole, filed in said district court her affidavit, dated January 23, 1948, in which it was made to appear that she was without funds to pay counsel fees and costs on appeal to the Supreme Court of the state of Idaho, and praying for an order directing and compelling Harvey Cole to pay a reasonable attorney fee and necessary court costs on the appeal. A motion for attorney fees and court costs on appeal was heard February 14, 1948, and on March 9, 1948, it was ordered by the trial court that the defendant Harvey Cole, pay to petitioner's attorney C. M. Jeffery, forthwith, the sum of $100 to cover printing of brief and the sum of $200 attorney fees on appeal.

March 20, 1948, there was filed in this court a motion, which said motion, as far as applicable, recites:

"Comes now Viola G. Cole, the petitioner in the lower court and the respondent on appeal, and moves this Honorable court for the following relief:

1. "That Harvey Cole, the respondent in the lower court and the appellant on appeal, be compelled to forthwith comply with the order of the Honorable L. E. Glennon, District Judge, of March 9, 1948, for the payment of attorney fees and costs on appeal to the Supreme Court, or

2. "That this honorable court fix the amount of the attorney fees and costs on appeal and order the immediate payment thereof by appellant to respondent's attorney of record, and

3. "That in the event of the appellant failing to so do, the appeal be dismissed and

4. "That the court fix a time and place for the hearing of this motion, * * *."

The respondent and appellant, Harvey Cole, has filed a resistance to the motion for attorney fees and costs on appeal. A number of reasons are asserted in opposition to said motion but it will be necessary to consider only one of the assigned reasons, that is, "Resists ground I of petitioner's motion on the ground that this court has no power, on motion, to compel a party to comply with an order entered by a judge of a District Court. This court takes cognizance and jurisdiction of such orders, by appeal, only."

Appellant makes a "Further Statement of Facts," and submits Points and Authorities and Argument in support of his resistance to respondent's motion for suit money and attorney fees. There is no occasion to consider such matters at this time.

From the statements heretofore made it is observed that on January 17, 1948, an appeal to this court from an order of the district court of the same date was made and entered. Thereafter on March 9, 1948, an order was made by the district court for the payment by appellant, Harvey Cole, to re- spondent Viola G. Cole, or her attorney, the sum of $100 costs on appeal, and $200 as attorney fees on the appeal. No appeal from the order allowing suit money and attorney's fees has been taken.

Section 31-704, I.C.A., is as follows:

"While an action for divorce is pending, the court may, in its discretion, require the husband to pay as alimony any money necessary to enable the wife to support herself or her children, or to prosecute or defend the action."

The case of Roby v. Roby, 9 Idaho 371, 74 P. 957, 3 Ann.Cas. 50, is a case wherein the facts are very similar to the instant case and, in which, the court had occasion to construe provisions for the payment of suit money and attorneys' fees. The facts in the Roby case show that an original application was made to this court by Emily H. Roby, plaintiff in the lower court, praying for an order of this court allowing her suit money and attorneys' fees to enable her to prosecute her appeal from the judgment of the trial court. It appears she was dissatisfied with the judgment of the district court and served her notice of appeal therefrom and thereafter applied to the district judge for an order directing her husband to pay a sufficient amount of money for court costs, the printing of a transcript and brief on appeal, and for attorneys' fees for the prosecution of such appeal in this court. The district judge made an order allowing plaintiff the sum of $75. for such purpose,

but she contends that was not enough, and made an original application in this court, praying for an order requiring the defendant to pay the sum of $250 for costs and disbursements in the preparation of her appeal, and the further sum of $250 for attorney's fees in the prosecution of such appeal. The defendant filed a motion to dismiss the petition and application of plaintiff upon the ground that this court has no jurisdiction to hear and determine such an original application. It should be observed, in the consideration of this matter, that, while an appeal has been taken to this court, the transcript on appeal has not yet been filed. Section 4927, Rev.St.1887 (12-606 I.C.A.), is as follows:

"An action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied."

From the foregoing the court concluded that the case was still pending and section 2472, Rev.St. (31-704 I.C.A.), is quoted. The court then observes:

"We think the 'court' referred to in section 2472, supra, is the district court in which such actions are originally commenced, and that it is the intention of our statute to give to the trial court the jurisdiction to grant alimony and suit money so long as the action is pending, whether in the trial court or upon appeal. The trial judge is in a better position than this court to know the amount of money necessary for the payment of costs and disbursements in the prosecution of an appeal, and the ability of the husband to meet such requirements. He knows all the facts in the case, and the situation and condition of the parties. If we should hold that, so soon as a notice of appeal is filed and served in such cases, application for suit money and attorney's fees must thereafter be originally made in this court, it would result in turning the Supreme Court into a trial court in such matters, for the reason the record in such case would not be before the appellate court, and, in order to apprise it of the facts in the case, and the condition of the parties, and the ability of the husband to comply with such order as might be made, it would be necessary to have affidavits from both of the respective parties made and filed in this court, and such investigation and determination made here as would be originally made by the trial judge. * * *

"It is contended by the appellant or petitioner that under the terms of section 4814, Revised Statute, the district court loses jurisdiction to make such an order as required in this case after an appeal has been taken from the judgment in that court. This section provides, inter alia, as follows: 'Whenever an appeal is perfected as provided in the preceding sections of this chapter, it stays all further proceedings in the court below upon the judgment or order appealed from, or upon the matters embraced therein. * * *' We do not think

this contention is correct. The allowance or disallowance of suit money and attorney's fees for the prosecution of such an appeal is not a part of the 'judgment appealed from,' nor is it a 'matter embraced therein.' We do not want to be understood as denying the jurisdiction of this court to allow either attorney's fees or suit money after the case has been filed in this court upon appeal, when the same is proper or necessary to the complete exercise of its appellate jurisdiction. Under section 9 of article 5 of the Constitution, this court has jurisdiction to review upon appeal any decision of the district courts, and may issue 'all writs necessary or proper to the complete exercise of its appellate jurisdiction.' California has statutes corresponding literally with the sections of our statute above quoted, and it has there been uniformly held that the jurisdiction to make such orders as the one applied for in this case lies with the superior court. See Reilly v. Reilly, 60 Cal. 624; Ex parte Winter, 70 Cal. 291, 11 P. 630; Larkin v. Larkin, 71 Cal. 330, 12 P. 227; Bohnert v. Bohnert, 91 Cal. 428, 27 P. 732. * * * Counsel for appellant seems to rely upon the authority of Lake v. Lake [17 Nev. 230], 30 P. 878, wherein the Supreme Court of Nevada reviews the authorities, and, under the provisions of the Constitution and statutes of that state, holds that, upon the appeal being taken, the district court loses jurisdiction, and that such application may originally be made in the appellate court. That authority may be fairly said to support the position, contended for by appellant, but we think the sounder and better rule is as above announced."

In the case of Sherwood v. Porter, as District Judge, 58 Idaho 523, 76 P.2d 928, 931, this court had occasion to refer to the case of Roby v. Roby, supra, in the following manner:

"In Roby v. Roby, 9 Idaho 371, 74 P. 957, 958, 3 Ann.Cas. 50, we considered the authority of the district court to make orders for the payment of costs, expenses, and attorney fees for the prosecution of an appeal taken in a divorce case, and among other things said: 'It is contended by the appellant or petitioner that under the terms of section 4814, Rev.Stats., [11-208 I.C.A.], the district court loses jurisdiction to make such an order as required in this case after an appeal has been taken from a judgment taken in that court. * * * We do not think this contention is correct. The allowance or disallowance of suit money and attorney's fees for the prosecution of such an appeal is not a part of the 'judgment appealed from,' nor is it a 'matter embraced therein.' ''

In the case of Hay v. Hay, 40 Idaho 159, 232 P. 895, syllabus 6, it is said:

"A motion for suit money and attorney fee, in a divorce action, is addressed to the sound discretion of the district court."

The case of Largilliere v. Largilliere, 50 Idaho 496, 298 P. 362, 363, involves an ac-

tion for divorce, including orders for attorney's fees and appeals therefrom, and in which it is said:

"Finally, it is insisted in the third appeal that the court was without right to require the husband to pay counsel fees on an appeal from an order allowing counsel fees."

The court then quotes C. S. sec. 4642, and observes:

"Counsel earnestly contend that the terminology employed relates to the main action, not to something incidental or collateral. We do not deem the order allowing counsel fees to combat the appeal from the first order either incidental or collateral. The first order allowing appellant her costs and fees for the prosecution of her appeal was directly necessitate to the continued maintenance of the original action. Under the statute, the main action, the divorce action, was still pending; and, unless the wife had been furnished the sinews of war, her main action might have ended in disaster. Without such order, would she have been able to secure in the main action the relief this court has awarded her? She was called upon to champion that order to sustain the continuity of the main action. Without further munitions, she could not have engaged and would have had to retire or supinely rest in the face of attack. To obviate such a situation, is, we think, the evident purpose of the statute."

In the case of Galbraith v. Galbraith, 38 Idaho 15, 219 P. 1059, it is said:

"While original jurisdiction to grant alimony under C.S. Sec. 4642 [31-704 I.C. A.] is vested in the district court in a proper case, this court is not without authority to grant alimony pending appeal. (Roby v. Roby, 9 Idaho 371, 74 P. 957, 3 Ann.Cas. 50)."

In the case of McDonald v. McDonald, 55 Idaho 102, 39 P.2d 293, 298, it is said:

"The Supreme Court may allow attorney fees or suit money on appeal in divorce cases when the same is necessary to the complete exercise of its appellate jurisdiction. Roby v. Roby, 9 Idaho 371, 74 P. 957, 3 Ann.Cas. 50; Enders v. Enders, 34 Idaho 381, 201 P. 714, 18 A.L.R. 1492. The rule would seem to be that, in order to invoke the original discretion of the Supreme Court to order the payment of attorney fees and suit money, it must be made to appear that there is occasion for the exercise of such appellate jurisdiction, and that the allowance is necessary or proper to the complete exercise of such appellate jurisdiction. Vollmer v. Vollmer, 43 Idaho 395, 253 P. 622; Hay v. Hay, 40 Idaho 624, 235 P. 902; Galbraith v. Galbraith, 38 Idaho 15, 219 P. 1059; Enders v. Enders, supra; Callahan v. Dunn, 30 Idaho 225, 164 P. 356; Roby v. Roby, supra."

In the case of Enders v. Enders, supra, syllabi 3 and 4, it is said [34 Idaho 381, 201 P. 715]:

"3. In an action for divorce, considerations of justice and public policy require

that the wife be afforded an opportunity to be properly represented by counsel before her property and other rights are adjudicated by the appellate court.

"4. Under C.S., §§ 4642, 4653, [31-704 and 31-715 I.C.A.] original jurisdiction in the matter of granting alimony and suit money in divorce actions is vested in the district court, and such relief is granted by the appellate court only where it is necessary to a complete exercise of its appellate jurisdiction."

In the case of Gifford v. Gifford, 50 Idaho 517, 297 P. 1100, 1101, the record shows that respondent was granted a decree of divorce from appellant and awarded the custody of their three minor children. A division of the community property was made and appellant required to pay $50 a month for the support and maintenance of said minor children until the further order of the court. Appellant thereafter, following respondent's remarriage, moved to modify the decree and reduce the allowance from $50 per month to $25. Respondent resisted said motion and asked for an order from the court requiring appellant's attorney's fees and expense money in such contest. The court ordered appellant to pay $50 for attorney's fees. The appeal is from that order. The court quotes from C.S. sections 4643 and 4653 (31-705 and 31-715 I.C.A.) and says:

"Under these two statutes the trial court has jurisdiction of the care, custody, and education of the children, and express provision is made in the decree herein for subsequent modification thereof, with respect to such matters."

The court then points out:

"* * * 'attorney's fees' do not occur; [within C.S. 4642] the phrases are 'alimony' and 'any money necessary to enable the wife to support herself or her children, or to prosecute or defend the action.' "

It is stated that the foregoing phrases might well include "attorney's fees."

In the case of Taylor v. Taylor, 33 Idaho 445, 196 P. 211, 212, it is said:

"When, in a divorce case, the wife has incurred liabilities for attorney fees and other expenses of the suit, the trial court may, in its discretion, under the provisions of sec. 4642, supra, after such expenses have been incurred and at any time while the action is pending, upon proper showing being made, order the husband to advance the money to pay them. [Citing numerous authorities].

"In the case of Donaldson v. Donaldson, supra [31 Idaho 180, 170 P. 94], the action of the trial court in awarding attorney fees to the respondent in the final judgment was assigned as error. That portion of the judgment reads as follows: 'It is further ordered, adjudged, and decreed that the plaintiff shall have judgment against the defendant for the sum of $150 as additional attorney's fees for plaintiff's attorneys, * * *.'

264

"In construing C. S., § 4642, [31-704 I.C. A.] in the majority opinion the court held that—'The right of the court to allow attorney's fees is derived from the statute, and by the terms of the statute can only be put into operation when it is necessary to enable the wife to prosecute or defend the action. The allowance of attorney's fees looks to the future and not to the past.'"

In the case of Vollmer v. Vollmer, 43 Idaho 395, 253 P. 622, it is said:

"The Supreme Court has original jurisdiction to require the payment of alimony only when necessary and proper to the complete exercise of its appellate jurisdiction. [Citing authorities] While, therefore, the district court may require the husband, during the pendency of an appeal, to pay the wife, as alimony, the money necessary to enable her to support herself and her children and prosecute or defend the appeal, this court may only require such payment when necessary or proper to the complete exercise of its appellate jurisdiction. To secure the exercise of the original jurisdiction of this court to require such payment, it must be made to appear that an appeal has been taken to this court and that there is, therefore, occasion for the exercise of its appellate jurisdiction; and one seeking such an order by this court is also required to show not so much that the payment of the moneys sought is necessary for the support of the wife and children, but rather that it is necessary and proper to the complete exercise of its appellate jurisdiction."

In the case of McHan v. McHan, 59 Idaho 41, 80 P.2d 29, 30, the facts are as follows:

In a divorce action instituted by Florence McHan, Respondent v. Vance McHan, Appellant, a divorce decree was entered December 29, 1932, in which appellant was ordered to pay respondent $35 per month during her lifetime, which payment appellant made for several years. He ceased making the payment upon learning of respondent's remarriage. October 8, 1936, an affidavit in contempt and a motion praying for an order to show cause were filed, and an order to show cause issued, and thereafter affidavit in answer to said order to show cause was filed. December 16, 1936, appellant filed and served upon respondent a motion to modify the decree of the divorce proceeding by striking the provision thereof with relation to the payment of $35 per month. January 7, 1937, respondent moved the lower court for an order requiring appellant to pay respondent $100 as attorney fee incurred by her in resisting defendant's motion to modify the decree. Respondent's motion for $100 attorney fee came on for hearing and on February 3, 1937, the lower court entered an order denying the defendant's motion to modify said judgment and granted plaintiff's motion to require the defendant to pay the plaintiff an attorney fee of $100. From said order an appeal was taken to this court. Syllabi 5 and 6 say:

"5. An allowance of suit money and attorney's fees to wife in divorce suit is addressed to the sound discretion of the court. (I.C.A., sec. 31-704.)

"6. The Supreme Court may allow attorney's fees to a wife in a divorce case when the allowance is necessary to complete exercise of the Supreme Court's appellate jurisdiction. (I.C.A., sec. 31-704.)"

In the case of McDonald v. McDonald, supra, it is said:

"The Supreme Court may allow attorney fees or suit money on appeal in· divorce cases when the same is necessary to the complete exercise of its appellate jurisdiction. Roby v. Roby, 9 Idaho 371, 74 P. 957, 3 Ann.Cas. 50; Enders v. Enders, 34 Idaho 381, 201 P. 714, 18 A.L.R. 1492.

"The rule would seem to be that, in order to invoke the original discretion of the Supreme Court to order the payment of attorney fees and suit money it must be made to appear that there is occasion for the exercise of such appellate jurisdiction, and that the allowance is necessary or proper to the complete exercise of such appellate jurisdiction. [Citing Idaho authorities.]"

In the case of Fleming v. Fleming, 58 Nev. 179, 72 P.2d 1110, 1112, in which some Idaho authorities are cited, it is said:

"It is our opinion that on petition for modification of a divorce decree as to custody of children the trial court, under certain conditions and circumstances, can lawfully require the former husband to pay reasonable sums for suit money and attorneys' fees to the former wife. [Citing authorities. Contra to the foregoing rule are cases in Washington, Iowa, and a few other jurisdictions."

The foregoing court then expresses itself to the effect that a part of the order appealed from is unauthorized by law for the reason that it does not appear from the record that plaintiff was in such necessitous circumstances as to require the proposed allowances. Said allowances are for expenses incurred and attorneys' services performed in the past not for expenses for service incurred after the making of the order and there is no showing that the minor child's welfare will be adversely affected if the proposed allowances be not made.

In the case of Lake v. Lake, 17 Nev. 230, 30 P. 878, 882, the court has gone quite at length in an attempt to distinguish provisions under the Nevada and similar statutes of other jurisdictions. Therein it is said:

"We are referred to Reilly v. Reilly, 60 Cal. 624, as an authority in favor of respondent. The case is to be heard before the court in bank. Paragraph 1407, Comp. Laws, provides as follows: 'Whether an appeal is perfected, as provided by the preceding sections in this chapter, it shall stay all further proceedings in the court below upon the judgment or order appealed from, or upon matter embraced therein; but the court below may proceed upon any other

matter included in the action not affected by the judgment or order appealed from.' Upon a similar statute in California it was decided in Reilly v. Reilly that the superior court had jurisdiction, after appeal, over the matter of counsel fees in the supreme court, because it was included in the action, and not affected by the judgment appealed from. We shall not stop to consider whether the mere granting of this authority to the court below, even though the construction given to paragraph 1407 in Reilly v. Reilly is correct, ousts this court of its pre-existent, incidental authority, in proper cases, to make allowances for costs and attorneys' fees on appeal in divorce cases. We are satisfied the construction there given is not correct. It must be kept in mind that the 'matter' upon which the court may proceed is that which is in the case after final judgment,—after all the issues have been tried, after the judgment roll has been made up, when no further proceedings are required, except such as affect the judgment entered and of record. Nor even then are further proceedings allowed upon the judgment or order appealed from, the execution of which has been stayed. * * * In other words, it is plain to us that the portion of paragraph 1407, relied on as authority for the action of the district court in making the order after appeal, refers to proceedings affecting the judgment already rendered, or some order made at the trial, from which an appeal has not been taken, and the execution of which has not been stayed. As to any part of the judgment unaffected by the appeal perfected by stay of execution, it was intended to allow the court to proceed as though no appeal had been taken. * * * The statute refers solely to matters incident to the district court. So far as that court is concerned, to which alone the statute applies, it cannot in any proper sense be said that the power to order payment of counsel fees and costs in the court—in another jurisdiction—is a 'matter included in this action.' To provide for the exercise of this court's jurisdiction is not one of the duties of that court, unless plainly made so by law. The objections to hearing the motion are overruled."

In the case of State ex rel. Groves v. First Judicial District Court of Ormsby County et al., 61 Nev. 269, 125 P.2d 723, 724, which involved modification of a decree of divorce relative to the custody and support and well being of a minor child and a motion for an order of the lower court requiring defendant to pay plaintiff's attorney for his service to be performed in preparing and presenting said motion for modification, the application for modification of the decree and the action for attorney's fees was resisted by the defendant on the grounds, among others,

"* * * (1) that no service of process or notice had been made upon the defendant in person, or upon any one authorized by him or with authority in law to accept service of process, and (2) that the court was without any jurisdiction or authority to award any attorney's fees for

services in presenting such motions. Thereafter defendant's objections to the hearing of the motion to modify the decree were overruled, and defendant ordered to pay plaintiff's counsel, within a specified time, a preliminary attorney's fee for services in presenting said motion for modification. Thereupon defendant applied to this court for a writ of prohibition, praying that the trial court be restrained from any further proceedings in the premises."

A vast array of authorities are cited and from various jurisdictions including authorities from this state.

In passing on the question involved the court said:

"It is not correct to say that in a case of this kind the divorce decree is final in all respects. It is conclusive as to the severance of the marriage tie and, even with respect to the custody of children, the decree is final under conditions existing at the time it is rendered. Abell v. Second Judicial District Court, supra. But after rendition of the decree, conditions having changed, the trial court retains jurisdiction to modify the decree with respect to the custody of minor children; also with respect to the support of such children when jurisdiction as to such support has been reserved in the decree. [Citing authorities].

"By the great weight of authority an application for modification of provisions of a divorce decree respecting custody of minor children is a supplementary proceeding, incident to the original suit; it is not an independent proceeding or the commencement of a new action. The jurisdiction to order such modifications is a continuing one. [Citing numerous authorities, including Gifford v. Gifford, 50 Idaho 517, 297 P. 1100.] * * *

"Where, as in Nevada, neither the statutes nor rules of court specify whether the application for modification of the provisions of a divorce decree relating to custody or support of children shall be made by motion, petition, or otherwise, nor how notice of the hearing of such application must be made, the prevailing rule is that the courts will not concern themselves so much with the form of the application or the manner of giving notice, as with the reasonableness of the notice under the circumstances existing in the particular case. [Citing authority].

"As the district court acquired jurisdiction to entertain the motion to modify, it also had jurisdiction to allow counsel fees for services by plaintiff's attorney in preparing and presenting said motion. [Citing authority].

"But the court is of the opinion that it is without power to allow attorney's fees for services in the present proceeding. In the absence of statute, we are not disposed to extend the rule in Lake v. Lake, 17 Nev. 230, 30 P. 878, to a prohibition proceeding."

The relator's petition was dismissed and the respondent's motion for attorney's fees in said proceeding denied.

The case of Enders v. Enders, 34 Idaho 381, 201 P. 714, 715, 18 A.L.R. 1492, is an

original application to this court for an order directing respondent to pay a certain sum of money to appellant for attorney's fees in the prosecution of her appeal and for temporary alimony. In passing upon the questions this court said:

"Appellant's application is supported by the affidavit of one of her attorneys, who upon information and belief, alleges that appellant is now, and since the rendition of the decree of divorce has been, compelled to seek aid from friends and relatives for her support; that she is in indigent circumstances and unable to pay counsel to prosecute her appeal; and that she has agreed to pay a reasonable attorney fee; and prays that this court make an order allowing her the sum of $1,000 for prosecuting her appeal."

This court then quotes from the case of Callahan v. Dunn, 30 Idaho 225, at page 231, 164 P. 356, at page 357, as follows:

" 'An examination of sections 2662 and 2673, Rev.Codes, clearly shows that original jurisdiction in the mattter of granting alimony and suit money in connection with divorce actions is vested in the district courts and the judges thereof at chambers. It is clear that this court does not have original jurisdiction in such matters. Such orders are made by this court only where it is necessary to a complete exercise of its appellate jurisdiction.'

"This court will review upon appeal an order of the district court allowing or disallowing alimony, suit money, or attorney fees.

"In view of the foregoing, it is ordered that respondent be, and he is hereby, directed to pay to the clerk of this court, for the benefit of appellant, the sum of $250 for the purpose stated, within 30 days after the filing of this opinion."

■■ Respondent's motion for attorney fees and costs on appeal is addressed to the original jurisdiction of this court, and is unaccompanied with any showing of indigency or necessitous circumstances. Where an appeal has been taken from a judgment in a divorce action the district court retains jurisdiction to make orders for attorney's fees, costs and expenses, necessary in the preparation and presentation of the appeal. This court has no authority, at this time, to compel appellant to comply with the order of the district judge, nor to make an order for attorney's fees and costs on the appeal. The enforcement of the order heretofore made by the district court must come from that source. This court has no jurisdiction of orders made and entered by a district court, except by reason of and through its appellate jurisdiction. From what has been said it appears that this court is without jurisdiction in the premises, further than to deny and dismiss respondent's motion for attorney's fees and costs on appeal, heretofore filed in this court.

GIVENS, C. J., and BUDGE, HOLDEN, and HYATT, JJ., concur.