PATRICK LOOB v. SARAH FENAUGHTY *et al.*

No. 10949.

WILL—*Jury Trial—Demurrer Improperly Sustained.* In an action to set aside a will, an order sustaining a demurrer to plaintiff's evidence and discharging a jury that had been impaneled is error, where there was evidence tending to sustain plaintiff's allegations, though the parties be not entitled to a jury trial in such case as a matter of right.

Error from Marshall district court ; R. B. SPILMAN, judge. Opinion filed January 7, 1899. Reversed.

*W. W. Redmond*, and *Cal. T. Mann*, for plaintiff in error.

*W. S. Glass, M. W. Terry*, and *T. J. Madden*, for defendants in error.

PER CURIAM : This was an action brought by Patrick Loob, as a son and heir of Thomas Loob, to set

Loob v. Fenaughty.

aside a will executed by the latter, upon the ground that he had been induced to make it by Sarah Fenaughty, a daughter and heir of the deceased, through undue influence exercised by her over him when he was intoxicated, sick, and infirm of mind. The district court sustained a demurrer to the plaintiff's evidence. The case-made recites that the jury were instructed to remain outside the court-room during the argument of the demurrer, at the close of which argument they "were again called into court, and were instructed by the court that said case had been determined upon a legal proposition, and that they were discharged from further consideration of the case."

A demurrer to the plaintiff's evidence in a case tried to a jury raises the legal question as to whether any showing of fact why the plaintiff should recover has been made. In such cases we are compelled to examine the evidence. We have done so in this instance, and are satisfied that the court was in error. It should have overruled the demurrer and put the defendants upon their defense, for there was evidence tending to sustain the plaintiff's allegations. Such cases as this are not triable to a jury as a matter of right. If, however, a jury be impaneled, and evidence adduced before them for their consideration, the same rules obtain as those which govern cases triable to juries as a matter of right, unless the court thereafter dispense with the jury for the purpose of trying the case itself. If in this case the court had dispensed with the jury for the purpose of trying it itself, the decision by it upon the demurrer might be regarded, although we do not so decide, as a determination of a question of fact, but, under the above-quoted recital in the record, it is clear that the question

arising upon the demurrer was regarded as a question of law, which, as in such cases, it really was.

For the error made in sustaining the demurrer to plaintiff's evidence the judgment is reversed and a new trial ordered.