GIBSON *v.* GIBSON.

Opinion delivered November 27, 1922.

1. APPEAL AND ERROR—FINAL DECREE IN DIVORCE SUIT.—Where the court in a divorce suit dismissed the wife's complaint for want of equity and awarded the permanent custody of the children to the husband, the decree is a final one, from which an appeal will lie.

2. APPEAL AND ERROR—AMENDMENT OF TRANSCRIPT BY STIPULATION. —A stipulation of counsel bringing in additional matters of record and stipulating that such matters, "together with the record as certified by the clerk, shall constitute the entire record and contain all the evidence introduced in the case in the trial below" *held* to supply the omission of the clerk to certify that the transcript was complete.

3. DIVORCE—CUSTODY OF CHILDREN.—Where there was no attack on the mother's moral character, the custody of the children, a boy four years old and a girl two years old, should not be transferred from the mother to the father where the only reason assigned for such change was that the father was better able financially to provide for them, and that the wife's father, with whom she lived, had been convicted of violating the Federal draft laws and did not entertain sound principles concerning the form of our government; since a girl of that age needs a mother's care and there was no reason for separating the children.

4. DIVORCE—PERMITTING CHILDREN TO BE TAKEN OUT OF JURISDICTION.—The court, in awarding custody of children in a divorce decree may permit them to be taken out of the court's jurisdiction without requiring a bond, the necessity for such bond being a matters for the court's determination in each case.

Appeal from Logan Chancery Court, Southern District; *J. V. Bourland,* Chancellor; reversed.

*J. H. Carmichael,* for appellant.

Considering the tender ages of the children, their custody should be awarded to the mother. 64 Ark. 518; 118 Ark. 591. Act 257 Acts 1921, p. 317, puts the hus-

band .and wife on an equality as to the custody of children. Since the mother is shown to be qualified to care for them, and because of their need for a mother's care, appellant should be awarded the custody. It was error to permit appellee to remove the children beyond the borders of the State without giving proper bond. See 124 Ark. 584.

*Grover McCormick,* for appellee.

The question as to the award of the custody of the children is a matter within the discretion of the court, taking all the circumstances into consideration, and such finding will not be disturbed unless there has been an abuse of this discretion. 97 S. W. (Ark.) 49; 78 Ark. 193; 37 Ark. 27; 95 Ark. 355. The case in 124 Ark. 584. cited by appellant, furnishes the authority for the very thing the court did in this case, when he required no bond of the appellee for the return of the children to Arkansas. Such a bond would be expensive and unreasonable to require.

McCULLOCH, C. J. Appellant, Beulah Gibson, and appellee, Lucius Gibson, intermarried and resided in the city of Memphis, Tennessee, and later appellant removed to Booneville, Arkansas, where her parents resided, and instituted an action against appellee for divorce, alleging cruel treatment as grounds for divorce.

There were two children, the issue of said marriage, a boy and a girl, aged, respectively, at that time, three years and one year. Appellant brought the children with her to Arkansas, and since that time they have been residing with her parents at Booneville. In the complaint she asked for custody of the children.

Appellee answered the complaint, denying the allegations with respect to cruel treatment, and he filed a cross-complaint asking that a decree of divorce be granted on account of misconduct on appellant's part in the way of cruel treatment towards him. Appellee also asked for the custody of the children.

The court made temporary orders for the custody of the children during the pendency of the action, and on the final hearing the court dismissed appellant's complaint for want of equity, and awarded the permanent custody of the children to appellee for nine months in each year, beginning September first of each year and ending in the month of the succeeding June, with the closing of the schools in Memphis, Tennessee. The decree provided that during the interval in the summertime appellant should temporarily have the custody of the children. The decree contained an express provision permitting appellee to remove the children beyond the jurisdiction of the court and to take them to Memphis.

Appellant prosecuted an appeal to this court, and filed a transcript, which was certified by the clerk of the court to be "a true, correct copy of the filings and proceedings which were filed in my office," etc. There was subsequently filed a stipulation of counsel bringing in additional matters of record, and further stipulating that such matters "together with the record as certified by the clerk, shall constitute the entire record and contain all the evidence introduced in the case in the trial below." This stipulation was signed by counsel on both sides.

When the case was reached on the docket of this court for submission, counsel for appellee filed a motion to dismiss the appeal on the ground that the decree was not a final one, and also asked leave to withdraw his stipulation concerning the record in the case.

The decree below awarded the custody of the children, and was a final one, from which an appeal would properly lie. Decrees awarding custody of children are always subject to change by the court, and the court retains jurisdiction of the subject-matter for that purpose, but this does not affect the finality of the decree so far as relates to the right of appeal.

If it be conceded that the clerk's certificate is an insufficient showing of a complete transcript of the record, the omission is supplied by the stipulation of counsel, and

the motion for leave to withdraw the stipulation does not state sufficient grounds therefor. It does not give sufficient reasons for such withdrawal, nor does it show wherein the record is incomplete or incorrect.

Coming to the discussion of the merits of the case, we do not think that the testimony warranted the court in taking the children from the custody of the mother and turning them over to the father. There is no attack made on appellant's moral character. The only reason urged why preference should be given to appellee, the father of the children, is that he is better able financially to provide for the children, that appellant is not financially able to provide for the children, and that the character of her father, with whom she lives, is not good. An attack is made upon him by showing that he has been convicted of violation of the Federal draft laws during the period of the war, and that he does not entertain sound principles concerning the form of our government. Counsel in their argument here expressly disclaim any intention of reflecting upon the character of appellant herself.

These children are now of the ages, respectively, between four and five years and between two and three years, the younger one of the two being a girl. At this age children should have a mother's care and attention, and the proof does not justify a decree depriving them of that care and transferring their custody to the father. The reason for this conclusion is given in many decisions of this court, and it is unnecessary now to repeat. *Beene v. Beene,* 64 Ark. 518; *Meffert v. Meffert,* 118 Ark. 582. These established principles are peculiarly applicable to the matter of the custody of the younger child, who is a girl, and, even if the boy was old enough to justify removal from his mother, there is no good reason shown why the children should be separated.

Counsel for appellant also insist that the court erred in permitting the children to be taken out of the jurisdiction of the court at all without a good bond. We decided, however, in *Weatherton v. Taylor,* 124 Ark. 579,

that it was within the power of the courts of this State, in settling controversies concerning the custody of children, to permit a child to be removed without the limits of the State, in that case a bond having been given, but we did not hold that a bond was essential; that is a matter for the determination of the court upon the facts of each case, whether or not there is reason to believe that the orders of the court will be obeyed and the child returned when an order to that effect is made.

The decree of the chancellor will be reversed as to the award of the custody of the children, and the cause remanded, with directions to enter a decree continuing the custody with appellant, the mother of the children, giving the father an opportunity to visit them, or to have them visit him at his home in Memphis, at reasonable intervals, upon such terms and conditions as the court shall prescribe. We will not undertake to give specific directions with respect to those terms, but will leave that to the chancellor. It is so ordered.