**FUTCH v. FUTCH. (No. 11909.)**

Court of Civil Appeals of Texas. Fort Worth.
Oct. 15, 1927.

**1. Divorce ⟨⟩312—Court's finding on conflicting evidence that neither of divorced parents was fit person to have child's custody could not be disturbed (Rev. St. 1925, art. 4639).**

Under Rev. St. 1925, art. 4639, finding of trial court, on conflicting evidence, that neither of divorced parents was fit person to have custody of child at time of trial could not be disturbed.

**2. Divorce ⟨⟩289—Under statute providing for award of custody of child, in divorce suit, to either parent, custody may be awarded to third person (Rev. St. 1925, art. 4639).**

Under Rev. St. 1925, art. 4639, providing that, in divorce suit, court shall award custody of child to either parent, custody may be awarded to third person, where evidence shows neither parent is proper person to have custody.

**3. Divorce ⟨⟩289—Equity courts have jurisdiction over question of custody of minor children of divorced parents; their decrees being subject to modification.**

Courts of equity have jurisdiction over question of custody of minor children of divorced parents; their decrees always being subject to modification or change upon proper showing, courts retaining jurisdiction over child during its minority.

**4. Divorce ⟨⟩303(3)—One claiming conditions have changed since judgment awarding custody of child, requiring custody to be given to another, has burden of proof.**

Burden is on one claiming that fact to show that conditions have changed since judgment awarding custody of child of divorced parents, and that such changed conditions require custody to be given to another.

**5. Divorce ⟨⟩298(1)—Ordinarily, custody of minor child in divorce case should not be awarded to one contemplating immediate removal from state.**

Ordinarily, custody of minor child, especially in divorce case, should not be awarded to one outside jurisdiction of court or to one who is contemplating an immediate removal from state; such rule applying to parents of child as well as to third persons.

**6. Divorce ⟨⟩303(2)—Order changing custody of minor child of divorced parents from another third person to aunt of husband, resident of another state, held error.**

Where judgment granting divorce awarded custody of minor child to certain party, order changing custody of child, awarding its custody to aunt of husband residing in Mississippi, held error, since consideration of child's interest is paramount, and parents should be accorded privilege of visiting child at seasonable times unless their character and conduct is such that it is not to child's best interests, and court should retain control or modification of order previously made.

Appeal from District Court, Wichita County; W. W. Cook, Judge.

Divorce action by Mrs. Pansy Futch against John Futch, in which defendant filed cross-action. Judgment was rendered for plaintiff in divorce suit and temporary custody of child was awarded to third party. From an order changing the custody of the child, plaintiff appeals. Reversed and remanded.

E. E. Fischer, of Wichita Falls, for appellant.

C. K. Walsh, of Wichita Falls, and Wm. R. Watkins, of Fort Worth, for appellee.

BUCK, J. Mrs. Pansy Futch sued her husband, John Futch, for divorce. Sufficient allegations were made to sustain the divorce and to support the award to her of their 2 year old child, named Charlotte.

The defendant answered by a general demurrer and a general denial, and by way of a cross-action alleged that his wife, Pansy Futch, had been guilty of reprehensible conduct with other men, and that he was a proper and fit person to have the custody of the child.

Plaintiff, in a supplemental petition, denied the allegations of defendant, both as to her alleged conduct and as to his being a proper and fit person to have the custody of the child.

On June 10, 1927, the court rendered judgment for plaintiff in her suit for divorce, and awarded the temporary custody of the child to Rev. J. T. Cabe, and provided that the plaintiff and the defendant should have the right to see said child at any reasonable and seasonable time with permission of the said J. T. Cabe and his wife. The court further ordered that the child should not be moved out of the county without proper order from the court, either by plaintiff or defendant. On July 2, 1927, the court entered this order, recited in the judgment to be in open court:

"Whereas, on the 10th day of June, A. D. 1927, a divorce was granted to the plaintiff in the above-entitled cause against the defendant; and

"Whereas, their minor child, Charlotte Futch, was temporarily granted to J. T. Cabe on the 10th day of June, 1927; and

"Whereas, it is not now desired by said J. T. Cabe that he keep the custody of said child longer; and

"Whereas, it being made to appear to the court that Mrs. H. F. Williams is a suitable person to care for and have the custody of said child, and the said Mrs. H. F. Williams having made application for the care, custody, and control of the said minor child, Charlotte Futch, and having in open court investigated the financial standing of the said Mrs. H. F. Williams and her moral fitness to rear, educate, and care for said child until said child reaches its majority, and the defendant being present in court by his attorney C. K. Walsh, and the plaintiff, Pansy Futch, having personally been fully advised by the court as to such application being made requesting the court to grant the sole care, custody, and control of said minor child to the said Mrs. H. F. Williams until said child reaches her majority, and the court, after hearing such application in open court and being in all things duly advised, finds that Mrs. H. F. Williams is a fit and proper person to have the said minor child, Charlotte Futch, and being in all things duly advised is fully satisfied that it would be for the best interest of said minor child that she be so placed in the care, custody, and control of said Mrs. H. F. Williams as aforesaid, and the court finds that Pansy Futch is not a fit and proper person to have the care, custody, and control of said minor child, Charlotte Futch:

"It is therefore, by the court ordered, adjudged, and decreed that said minor child, Charlotte Futch, be and she is hereby turned over to the said Mrs. H. F. Williams, and that the said Mrs. H. F. Williams shall have the sole care, custody, and control and education and rearing of said minor child, Charlotte Futch, until said Charlotte Futch reaches her majority, and the said Mrs. H. F. Williams is hereby expressly given permission by the court to take said Charlotte Futch to said Mrs. H. F. Williams home at Swan Lake, Miss., with the express order of and understanding that the court does not lose jurisdiction of said child, and that the said Pansy Futch and John Futch, being the mother and father of said Charlotte Futch, shall at all reasonable and seasonable times be permitted to visit and see said minor child, Charlotte Futch, while so under the care and custody and control of the said Mrs. H. F. Williams, as aforesaid, and it is expressly ordered that, in the event this case is reversed on appeal, Mrs. H. F. Williams shall return said child to this court at Wichita Falls, Tex., to all of which Pansy Futch, by her attorney, E. E. Fischer, excepts and gives notice of appeal to the Court of Civil Appeals for the Second Supreme Judicial District at Fort Worth, Tex.

"Done in open court this the 2d day of July, A. D. 1927."

On the day that the order changing the custody of the child was made, the plaintiff sought to have the question reopened, and sought to introduce the testimony of a number of witnesses, to the effect that Mrs. Futch, who, with her husband, formerly lived at Ballinger, was of good reputation as to her chastity and industry, and that John Futch was of bad reputation as to his truthfulness and industry. These affidavits were made by a number of citizens of Ballinger, including the mayor, and were very strong in their support of the good reputation of Mrs. Futch and of the bad reputation of Mr. Futch. Counsel for plaintiff had in the courtroom of the Seventy-Eighth district court at Wichita Falls a number of witnesses who had sworn to the affidavits in Mrs. Futch's behalf, but the court declined to hear them, and refused to postpone the signing of the order awarding the custody of the child to Mrs. H. F. Williams, who lived at Swan Lake, Miss. The bill of exceptions taken to this action of the trial court recites that on the 2d day of July, 1927, at the same term of court in which the divorce judgment was rendered, J. T. Cabe stated to the court that defendant's aunt, Mrs. H. F. Williams, of Swan Lake, Miss., was in the city and wanted to take the child with her to Swan Lake, Miss., and raise it to maturity. That thereafter on the same day the judge of the trial court called counsel for plaintiff in conference with him and asked him whether his client would consent to have the child taken by this aunt to Swan Lake, and that counsel emphatically stated that plaintiff would not consent to this, and that, if he contemplated changing his order, he would like to be heard and have his client there and offer proof that such order would not be to the best interest of the child, and that he would offer proof that the mother would be able to take care of the child. Counsel prayed that the court would set a time that he would hear such proof. Plaintiff's counsel was informed by plaintiff that she had talked with Judge Cook in his office, and that he contemplated awarding the custody of the child to Mrs. Williams, and counsel went to see the judge, about 10 a. m. of July 2, 1927, and the judge had on his desk the order awarding said minor child to Mrs. Williams until its maturity. Counsel

urged that it would not be for the best interest of the child to be taken out of the jurisdiction of the trial court, and that it should at least be near its mother. Counsel prayed that the court suspend his order until the appeal be determined. The court denied this. It is stated in the bill of exceptions that the hearing was in the judge's private office at the courthouse. The court modified this bill in the following words:

"The above bill is qualified as follows: From the testimony in the main trial and from other sources the court found that the aunt, Mrs. Williams, was financially, morally, and otherwise a suitable person to rear said child.
"W. W. Cook, Trial Judge."

On application to this court, by a telegram, we granted an order enjoining the defendant Mrs. Williams and the trial court from further proceedings, until we had heard and determined the appeal. At a hearing, we continued our injunctive order until a hearing on the merits. On September 7, 1927, a motion to advance was granted and the cause set for the first open day.

The only question before us is, Did the trial court err, first, in not awarding the custody of the child to its mother? And, second, did the trial court err in awarding the custody of the child to the aunt of Mr. Futch, Mrs. H. F. Williams of Swan Lake, Miss.? Without going into the evidence, we think the evidence is sufficient to sustain the trial court's evident finding that neither the father nor the mother was a fit person to have the custody and control of the child. There was much evidence on the part of plaintiff contradicting the evidence on the part of the defendant, to the effect that Mrs. Futch had been guilty of at least indiscreet conduct. But we think the trial court was the judge of the evidence heard, he saw the witnesses, and was better able than we are to determine the facts. Mr. and Mrs. Futch had moved a short time before the divorce suit was filed from Ballinger to Wichita Falls; they had more or less marital trouble before coming to Wichita Falls. Two separations of short duration had occurred while they were living at Ballinger. Mrs. Futch had worked in some dry goods store at Ballinger, beginning ten months after her child was born. The evidence tends to show that Mr. Futch was not working all the time, and probably it was necessary for her to work in order to support herself and child. Shortly after they came to Wichita Falls, she began to work again, apparently without objection of her husband. The plaintiff testified that the father and mother had agreed that one of them would care for the baby while the other one went to places of amusement and recreation; that she went once or twice a week to picture shows. The defendant evidently was jealous of his wife, and testified, through himself and other witnesses, to various acts of indiscretion on the part of his wife.

[1-5] We feel that we cannot disturb the evident finding of the trial court that neither of the parents is a fit person to have the custody of the child, or at least was not a fit person at the time of the trial. Article 4639, Rev. Civ. Statutes of 1925, provides that the court shall have the power, in all divorce suits, to award the custody of the children to either father or mother, as the court shall deem right and proper, having regard to the prudence and ability of the parents, and the age and sex of the children, to be determined and decided on the petition of either party. The courts have construed this statute as authorizing the court to award the custody of the children to some third person, when the evidence tends to show that neither parent is a fit and proper person to have the custody, control, and education of the minor children. The courts of equity have jurisdiction over the question of the custody of the minors, their decrees always being subject to modification or change upon proper showing; the courts retaining jurisdiction over the child during its minority. Hall v. Whipple (Tex. Civ. App.) 145 S. W. 308. The burden is on one claiming that fact to show that conditions have changed since the judgment awarding the custody of the child, and that such changed conditions require the custody to be given to another. Grego v. Schneider (Tex. Civ. App.) 154 S. W. 361; Plummer v. Plummer (Tex. Civ. App.) 154 S. W. 597; Ex parte Boyd (Tex. Civ. App.) 157 S. W. 254; Ex parte Garcia (Tex. Civ. App.) 187 S. W. 410. Ordinarily, the custody of a minor child, especially in a divorce case, should not be awarded to one outside of the jurisdiction of the court, or to one who is contemplating an immediate removal from the state. This general rule applies to the parents of the child as well as to third persons. 14 Cyc. p. 809, § D; 19 Corpus Juris, 348, § 805; 9 R. C. L. 575, § 290 et seq. In some cases the courts have awarded the custody of a child to one of its parents who was living outside of the state or who was contemplating a removal to another state (see Griffin v. Griffin, 18 Utah, 98, 55 P. 841; Stetson v. Stetson, 80 Me. 483, 15 A. 60; Weatherton v. Tayler, 124 Ark. 579, 187 S. W. 450; In re Krauthoff, 191 Mo. App. 149, 177 S. W. 1112, and other cases cited in digest noted), but we have found no cases where the award of the custody was made to a third person outside of the state. There may be such cases, but the necessity for such holding would be rare.

[6] The consideration of the child's interest is paramount, and, unless the character and conduct of the parents are such that the court is justified in determining that the best interests of the child require that the

parents should not be accorded the privilege of visiting the child at seasonable times, a trial court should not award the custody of a minor, especially in a divorce case, to some one living in a distant state. The affection of a mother for her child, and especially for a little girl, is ordinarily very strong, and the manifestation of this affection is beneficial both to the child and to its parent. It may be that the parent whose conduct has justified the trial court in finding that he or she is not a fit or proper person to have the custody of the child at the time the original judgment was entered, in a few months may be able to show to the satisfaction of the court that he or she has changed, and that no longer is there any valid objection to the award of the custody of the child to him or her. Changes in morals and conduct, as well as in financial standing and ability to support and care for children, oftentimes take place, and the door should be left open, and control should be retained by the trial court, except in extreme instances heretofore noted, for a modification of the order heretofore made as to custody. The family relation and love between a child and its parents consitutes one of the holiest impulses toward good conduct and correct living. It is more than wealth, honors, or power, and we believe that courts should be loath to take any steps, or make any orders, which will prevent the play of this powerful impulse to good action, on the part of the parents for their offspring.

Therefore the judgments of the trial court awarding the custody of Charlotte Futch to Mrs. H. F. Williams is reversed, and the cause is remanded to the trial court in order that the matter of custody of said minor may be determined in a way not inconsistent with this opinion.

Judgment reversed, and cause remanded.