## DICKSON et al. v. McLAUGHLAN.
### No. 10083.

Court of Civil Appeals of Texas. Galveston.
Feb. 15, 1934.

Rehearing Denied March 8, 1934.

Carlos Masterson, of Angleton, and W. C. Douglas, of San Antonio, for appellants.

A. R. Rucks, of Angleton, for appellee.

GRAVES, Justice.

This appeal—a repercussion from the same cause between these parties touching the custody of their minor child that was formerly before this court, the proceedings in which are reported in 51 S.W.(2d) 628—is from a later judgment of the trial court rendered on July 29 of 1933, whereby—in response to changed conditions that required the removal of the adoptive father to the state of Louisiana—the court's prior vesting of the custody of the child on July 25 of 1932 was so modified as to permit the adoptive father to have the child with him in the place of his new residence in Louisiana during the times its control was vested in him by the prior decree—subject, however, to conditions that he should not remove her to any other states than Louisiana and Texas; that he should redeliver her to her adoptive mother in Houston, Tex., on December 23 of 1933, as well as at the succeeding times provided in such prior order of July 25 of 1932; that the mother should have the right of visiting the child when she was in Louisiana, and finally that the original decree fixing the custody of the child, entered on the 25th day of July, 1932, should "remain in full force and effect except as herein modified, and as herein modified said decree shall remain in full force and effect until further orders of this court."

The appellants attacked the judgment as modified on the sole ground that it was beyond the jurisdiction of the court, and, in conjunction with their appeal to this court, pending the determination thereof, sought a temporary injunction against the removal of the child from Texas, and on a final hearing a mandatory injunction preventing any further removal of the child from this state.

The cause was not reached for determination here until the 8th day of February of 1934, at which time the undisputed proof presented to this court showed that the child had been delivered, in compliance with the trial court's order, to the appellants in Houston on the 23d day of December of 1933, who had since that date and still did hold possession of her in the state of Texas; obviously, therefore, the cause of action for the temporary injunction has become moot.

This left nothing before this court on appeal except the challenge of the trial court's jurisdiction to make the appealed from change in its prior order whereby, in special circumstances found, it permitted the appellee to so take the child with him at such times as he had been before permitted to have her to his new residence in the state of Louisiana; in the opinion of this court, the plea was not well taken, as is held in the only case appellants cite to this court, Futch v. Futch (Tex. Civ. App.) 299 S. W. 289, it is true that ordinarily the courts do not award the custody of a minor child to one either living outside of or contemplating immediate removal from the state in whose courts the custody has been determined, but in special circumstances justifying that action it is well recognized that they have such power; in the Futch Case this principle, together with a reference to the authorities supporting it, is stated. Among these references, in 14 Cyc., page 809D, it is said: "On the other hand, it has been held that, if it is conducive to

the best interest of the child, its custody may be awarded to a parent who resides without the state, or is about to depart therefrom and live elsewhere"; to the same purport is a like declaration in 19 Corpus Juris, page 348, par. 805; among the cases cited in both the texts referred to are those of Griffin v. Griffin, 18 Utah, 98, 55 P. 84; Stetson v. Stetson, 80 Me. 483, 15 A. 60; Weatherton v. Taylor, 124 Ark. 579, 187 S. W. 450; In re Krauthoff, 191 Mo. App. 149, 177 S. W. 1112.

In the Weatherton v. Taylor Case, 124 Ark. 579, 187 S. W. 450, at page 452, the Supreme Court of Arkansas says:

"We do not hold that it is beyond the power of a court to make such an order, for if the established facts justify the conclusion that the mother of the child is capable of giving proper care to the child, and that she will comply with the orders of the court, it would not be beyond the power of the court to permit her to take the child to her home in another state."

See, also, in addition to the citations made in the texts, supra, 17 Century Digest, Divorce, § 789; 9 Second Decennial Digest, Divorce, ▮.

▮ It would seem, therefore, from the quoted pronouncements of the courts that the best interest of the child being the paramount consideration as universally recognized, the matter of removal of the child from the state under such circumstances as here obtain is not one that goes to the power of the trial court but rather to its discretion, and, if that is not abused, there is no lack of authority to enter such an order when the justifiable conditions exist, 17 Cent. Dig., Divorce, § 806, 9 Second Decennial Digest, Divorce, ▮ in consonance with this principle, it has been suggested in many of the authorities herein instanced that the trial court might, in the exercise of its province, require the parent to whom such permission is given to remove the child from the state, to give security, or other special assurance, that it would not be permanently taken from the jurisdiction.

If, therefore, the adoptive mother in this instance, as against the overriding consideration that the child's best interest was necessarily paramount with the court, felt herself aggrieved by the possibility that this changed order might leave the court impotent to protect her yet-subsisting rights in its custody, she was not without the opportunity to so represent to the court below; neither would the court have then been, nor will it

hereafter be—having so retained general control over the child—without authority within the limits of a sound judicial discretion to hear and grant such relief in that respect, or in any other, whether it relates to a removal of the child from the state of Texas or not, as the showing at the time of such hearing justifies; nothing of that sort, however, appears to have been done at the trial here under review.

These conclusions require an affirmance of the judgment; it will be so ordered.

Affirmed.