## PATTERSON v. WILSON.

### No. 9428.

Court of Civil Appeals of Texas. Austin.

Jan. 26, 1944.

Rehearing Denied Feb. 16, 1944.

Murphy & Leslie, of San Angelo, for appellant.

W. A. Johnson, of San Angelo, for appellee.

BLAIR, Justice.

Appeal from an order awarding custody of J. W. Patterson, a boy about eight years of age, to his mother, appellee, Mary Martha Wilson, from September 1st to June 15th, or for each school year period, and to Troy W. Patterson, his father, from June 15th to September 1st of each such year period.

The facts are in substance as follows:

Appellant and appellee are the divorced parents of the child. The divorce decree, dated December 11, 1940, awarded the custody of the child to appellee. On April 13, 1942, appellant married his second wife.

On November 12, 1942, appellee married her second husband, D. E. Wilson, a soldier in training at San Angelo. In January, 1943, Wilson was transferred to Santa Maria, California, and appellee went with him, leaving the child with the father, who lived at the time with his mother, the grandmother of the child, and his second wife. About March 10, 1943, appellee returned to San Angelo, Texas, to get the child and take him to California, where both she and her second husband were employed, she being "frozen" to her position under war regulations. She intended to and did take the child to California without the knowledge or consent of the father. On March 10, 1943, appellant filed in the same court which granted the divorce and awarded the custody of the child to appellee, an application for a writ of habeas corpus, and on March 11, 1943, the court issued an order requiring appellee to produce the child in court on March 15, 1943. The sheriff of Tom Green County returned the order not served, because appellee was not found in that county. The notice was then sent to the sheriff at Houston, Harris County, Texas, and was served on appellee on March 15, 1943, at which time it was impossible for appellee to obey the order to appear on that day. She then took the child to California and never obeyed the court order; and on August 20, 1943, at a hearing at which appellee was not present, the court entered an order in the habeas corpus proceeding, awarding the custody of the child to appellant, who took a certified copy of the order and in September, 1943, went to California and found where the child was attending school. The principal of the school permitted him to take the child out to visit with him under his promise that he would take the child home (which "home" he stated that he did not specify), and he thereupon brought the child back to San Angelo, Texas, without the knowledge or consent of appellee. Thereafter, on October 13, 1943, appellee came to San Angelo, Texas, and filed this proceeding in the same court for custody of the child, alleging and proving changed conditions as regards appellant since the decree of August 20, 1943; and on October 18, 1943, the court entered the order here appealed from awarding the child part time to each parent. And on the same day the court assessed a fine of $10 and costs against appellee as for contempt of court in not obeying the order of the court to appear with the child on March 15,

1943, as directed by the writ of habeas corpus.

The several contentions of appellant are not sustained that the court erred in awarding the custody of the child to appellee for the school year period stated, because she will remove him to California, beyond the jurisdiction of the court, and that such custody was not shown to be for the best interest of the child.

■ Ordinarily courts do not award the custody of a minor child to one living in another state or contemplating immediate removal to another state; but that courts have such power or jurisdiction is well settled. Futch v. Futch, Tex.Civ.App., 299 S.W. 289; Dickson v. McLaughlin, Tex.Civ.App., 69 S.W.2d 209, error refused; Wrather v. Wrather, Tex.Civ.App., 154 S.W.2d 955, error refused, want of merit. The fact that a child may be taken to another state by the parent to whom its custody is awarded is neither a legal reason for denying the custody to such parent, nor a good one where the evidence shows that such custody is for the best interest of the child, which is the paramount or controlling issue in a child custody case. The fact that the mother may have tried to conceal the child from the father, or that she did not obey the order of the court to bring the child into court, does not control the paramount issue of the welfare of the child. Evans v. Taylor, Tex.Civ.App., 128 S.W.2d 77. Nor does the fact that appellee left the child with appellant when she went to California control the ultimate and paramount question as to whom he should now be awarded due to the changed conditions that have arisen; nor would such facts deprive the court upon proper showing of the power to modify the order of August 20, 1943. Oldham v. Oldham, Tex.Civ.App., 135 S.W.2d 564, 565, error refused.

■■ In addition to the foregoing facts other facts supporting the award of the child to appellee will be stated under the remaining point of appellant, which is that the order here appealed from modifying the order of August 20, 1943, awarding the custody of the child to appellant, is not supported by sufficient evidence showing changed conditions occurring thereafter.

The three aforementioned proceedings concerning the custody of the child were before the same trial judge, who at the beginning of the hearing here involved stated that he would consider them together, which he did by entering the above stated order disposing of each of the two pending proceedings. In the instant proceeding appellee alleged and proved facts tending to show and sustaining the conclusion of the court, that after the order of August 20, 1943, awarding the custody of the child to appellant, changed conditions under which the child had to live had occurred. These will be stated in substance. At the time appellee left the child with the father he and his second wife were living with his mother, the grandmother of the child. On September 6, 1943, trouble arose between appellant and his second wife, and on that day she filed a suit for divorce, which was dismissed on September 8, 1943, the parties having become reconciled. From appellant's testimony it may be inferred that the trouble may have arisen over differences between his wife and mother, and for which reason they moved from the mother's home. He further testified that the allegations of his wife in her petition for divorce that he got drunk and kicked, beat and cursed her were untrue. Appellant testified that he and his wife and the child live in a hotel, but that a comfortable home is being remodeled into which they intend to move; and that the child was not in school because he was being prepared for a tonsil and adenoid operation. He also testified that his wife loved and would care for the boy as if he were her own. Two witnesses testified with respect to the unworthiness of the stepmother to have the custody and care of the child. Both grandmothers of the child, who live in San Angelo, testified in behalf of appellee, the mother of appellant stating that if possible the child should be awarded part time to each parent, but under circumstances that the grandmothers might also look after him. The mother of the child and his stepfather were each employed and were able to support and educate him, and desired to do so, and were caring for and had him in school when the father came and took him back to San Angelo, without their consent. This evidence sufficiently sustained the order of the court awarding the child part time to each parent, under the settled rule that a very broad discretion is vested in the trial judge in such matters. Moore v. Moore, Tex.Civ.App., 213 S.W. 949.

The judgment of the trial court is affirmed.

Affirmed.