228 P.2d 243

**BRASHEAR v. BRASHEAR.**

No. 7576.

Supreme Court of Idaho.

Feb. 19, 1951.

160

Davison & Davison, Thornton D. Wyman, Boise, for appellant.

Hawley & Marcus, Paul S. Boyd, Boise, for respondent.

TAYLOR, Justice.

The parties were married January 30, 1943, defendant at that time being in the armed service of the United States. During the months following, the defendant was moved from one camp to another and the plaintiff followed and resided most of the time near the various camps where he was stationed, until December, 1943, when he was sent overseas. He served nine months on foreign duty with the air corps, and was sent home a casualty, his left leg having been crushed when his plane was hit and fell into the ocean. During the years following, defendant was in and out of various army hospitals in California, and the plaintiff resided as near to him as she could. But most of the time she lived in the home of defendant's parents in San Jose, California, where the defendant also resided while not actually confined in a Government hospital. At the end of the year 1947, the defendant brought plaintiff to the home of her parents at Prairie, Idaho. She has lived with them in or near Boise since that time. The defendant's leg did not respond to treatment and was amputated in May, 1947. He was given an honorable discharge September 17, 1948, and is allowed $190 per month compensation.

The plaintiff filed complaint for divorce at Boise, in Ada County, November 12,

1948. As grounds she charges cruelty. Besides divorce she asks custody of the two children of the marriage, a boy, John David, age 3½ years, and a girl, Donna K., seven months old, at that time.

The defendant by cross-complaint sought a divorce from the plaintiff on the grounds of cruelty and also asked for custody of the children.

Near the close of the trial and before the plaintiff had rested on rebuttal, the trial judge stated: "I would like to make a suggestion at this time to counsel on both sides. I would like to suggest that no further testimony be introduced and no agrument be made in this case." Counsel for both parties assented to this suggestion and the court further observed: "I will take it under advisement. That is a mere suggestion. I don't want you to abide by that if you want to go ahead with your argument." And "I think I will have a conference with you in a day or two or three." No further testimony was offered, or received by the court. From subsequent proceedings appearing in the record, it appears the court's purpose in making the suggestion was to afford an opportunity to the parties to effect a reconciliation, and in the meantime to refrain from the production of further acrimonious testimony and argument, which might widen the rift between them. The trial was thus concluded on March 1, 1949. On March 23d the trial judge addressed a memorandum of opinion to counsel in which he briefly reviewed the charges made by each party against the other, and expressed his opinion that they were not very serious, were not substantiated by the evidence, and that there was no good reason why the parties should not be reconciled, and directed that a decree be prepared denying a divorce to either.

Nothing further appears until April 9th, on which date the trial judge addressed another memorandum to counsel in which he recites that counsel for both parties had advised him that the court's plea, and their sincere efforts to effect a reconciliation, had been in vain, also that they had been unable to arrive at any agreement between the parties as to the custody of the children. The memorandum further recites that: "Ordinarily the economic situation of the parties should play but little influence in the awarding of the custody of their children. But when other considerations are equal; when the evidence shows that both parents are morally fit; that both are equally attached to their children; then, in my opinion, a court is justified in weighing the probabilites of the future economic conditions of the respective parents." The court then concludes that, from the economic view the evidence favors the husband since "His economic future is linked with the permanency of the Government of the United States." Although the learned judge further recites "I shall not allow the economic security of the defendant to be the only guide to my decision", no other criterion is mentioned. The memorandum then announces the court's decision to

award the custody of the boy to the father, and of the girl to the mother, and support for the girl to be paid by the defendant to the plaintiff in the sum of one dollar per day, payable monthly, and directs counsel for the defendant to prepare the decree.

On April 15th the plaintiff filed a motion to reopen the case for the purpose of submitting additional evidence. This motion makes reference to the court's suggestion that no further evidence be introduced and that the case be submitted without argument; the attempted reconciliation; and then recites "thereafter no further evidence or argument was permitted to be presented." It is then stated that the motion is based upon the ground that further testimony should be taken as to the custody of the boy and concludes, "and for the purpose of introducing further evidence on the plaintiff's cause of action for a divorce in chief and upon rebuttal which was denied by the court's ruling denying the right to offer additional testimony." The motion is supported by an affidavit made by the plaintiff in which she recites certain acts and statements of the defendant during the time attempts at reconciliation were in progress, and some additional facts which would be material to a determination of the custody of the boy, and other charges of cruelty against the defendant. The charges referred to are of a rather serious nature, but, since they are primarily pertinent to the grounds for divorce, and only indirectly affect the question of custody, they are not considered as controlling here. Such evidence should have been produced in plaintiff's case in chief, not in rebuttal.

The trial judge took exception to the charge that he had not permitted plaintiff to introduce further evidence or argument and ordered the motion and affidavit stricken from the files. Nowhere does a ruling appear, in words, denying plaintiff the right to produce further evidence, or argue the cause. However, the striking of the motion, with its supporting affidavit, on April 16th, and the entry of findings and conclusions and decree on April 19th, did accomplish that result.

The court's findings VIII and IX are as follows:

"VIII. That John R. Brashear is a fit and proper person to have the care, custody and control of the minor son, John David Brashear, and that it is for the best interests of said minor child that the care, custody, control and education be awarded to the defendant, John R. Brashear.

"IX. That Laurine C. Brashear is a fit and proper person to have the care, custody and control of the minor daughter, Donna K. Brashear, and that it is for the best interests of said minor child that the care, custody, control and education be awarded to the plaintiff, Laurine C. Brashear."

Custody was awarded accordingly and divorce denied.

Our statutes vest jurisdiction in the district court to provide for the custody, care and education of minor children in case of divorce or separation. Secs. 32–705, 32–1005 I.C. These provisions give the court a broad discretion in determining the custody of children, and its judgment in such matters will not be disturbed unless that discretion is abused. Hendricks v. Hendricks, 69 Idaho 341, 206 P.2d 523, 9 A.L.R.2d 617, and cases there cited. In exercising this discretion the court must be guided by a rule of universal application, which is to the effect that the welfare and best interests of the child is the paramount consideration, and controlling factor, in determining the custody. Roosma v. Moots, 62 Idaho 450, 112 P.2d 1000; Arkoosh v. Arkoosh, 66 Idaho 607, 164 P.2d 590; Fish v. Fish, 67 Idaho 78, 170 P.2d 802.

Another rule has become firmly established in this jurisdiction, to-wit: "all other considerations being equal, a child of tender age or a girl of even more mature years can and will be reared, trained and cared for best by its mother. This conclusion needs no argument to support it because it arises out of the very nature and instincts of motherhood; nature has ordained it." Krieger v. Krieger, 59 Idaho 301, 81 P.2d 1081, 1083. Sauvageau v. Sauvageau, 59 Idaho 190, 81 P.2d 731; Hendricks v. Hendricks, supra; Gillett v. Bryant, 208 Ill.App. 322; Hines v. Hines, 192 Iowa 569, 185 N.W. 91; Hoffman v. Hoffman, 190 Ky. 13, 226 S.W. 119; Salyer v. Salyer, 303 Ky. 653, 198 S.W.2d 980; 27 C.J.S., Divorce, § 309–c; Keezer, Marriage & Divorce, 3d Ed., sec. 717.

In Kirkpatrick v. Kirkpatrick, 52 Idaho 27, 10 P.2d 1057, 1058, this court quoted, with approval, from 19 C.J. 351: "It is well settled, however, that courts will not deprive the mother of custody of her child unless it is shown clearly that she is so unfit a person as to endanger the child's welfare." See also, 27 C.J.S., Divorce, § 317. See cases there cited and Holden v. Holden, 63 Idaho 70, 116 P.2d 1003; Freeland v. Freeland, 92 Wash. 482, 159 P. 698.

The court found that the mother was a fit and proper person, but did not give her custody of the boy. Rather it determined that, other things being equal, the father's superior economic position should control. This is not a sufficient consideration, standing alone, to overcome the precedent referred to. The poverty of the mother is no legal reason to deprive her of the custody of her child. McKay v. McKay, 77 Or. 14, 149 P. 1032; Cooke v. Cooke, 67 Utah 371, 248 P. 83; White v. White, 160 Kan. 32, 159 P.2d 461; Reitmann v. Reitmann, 168 Ky. 830, 183 S.W. 215; Gibson v. Gibson, 156 Ark. 30, 245 S.W. 32; Howard v. Howard, 307 Ky. 452, 211 S.W.2d 412. Moreover the law requires the father, in such a case, to provide the mother with the means of supporting the child. Secs. 32–1002, 32–705, 32–1005, I.C. If he has the ability, his fail-

ure to do so may, and should, be weighed against him in determining his fitness for custody. Brown v. Brown, 66 Idaho 625, 165 P.2d 886; Hoagland v. Hoagland, 67 Idaho 67, 170 P.2d 609; Nichols v. Nichols, 222 Mich. 119, 192 N.W. 671.

Another consideration which should be noted is the desirability of keeping the children of the family together, so that they may grow up together and enjoy the advantage of mutual companionship, love and protection. Simmons v. Simmons, 22 Cal. App. 448, 134 P. 791; Smith v. Frates, 107 Wash. 13, 180 P. 880; 27 C.J.S., Divorce, § 308-e; Gibson v. Gibson, 156 Ark. 30, 245 S.W. 32; Howard v. Howard, 307 Ky. 452, 211 S.W.2d 412. It is not intended to infer that this is a controlling factor, but that it is one which should be given weight in the ultimate determination of custody.

The appellant also attacks the award of custody to the defendant on the ground that he is a non-resident of the state, and that he was thus given permission to take the child from the jurisdiction of the court. The court may in a proper case permit one to whom custody is awarded to remove the child from the jurisdiction, provided, the interests of the child will be served thereby. Baer v. Baer, Mo.App., 51 S.W.2d 873; Roosma v. Moots, 62 Idaho 450, 112 P.2d 1000; Holden v. Holden, 63 Idaho 70, 116 P.2d 1003. However, generally speaking, such removal should not be permitted, until the judgment becomes final, or while an appeal is pending. The court, having acquired jurisdiction of both parties and the children, should have retained that jurisdiction until the cause was finally determined. State ex rel. Shoemaker v. Hall, Mo.Sup., 257 S.W. 1047; Dickson v. McLaughlin, Tex.Civ.App., 69 S.W.2d 209; Futch v. Futch, Tex.Civ.App., 299 S.W. 289; Page v. Page, 166 N.C. 90, 81 S.E. 1060; State ex rel. Cash v. District Court, 58 Mont. 316, 195 P. 549. See also, Conrad v. Conrad, Mo.App., 296 S.W. 196; Cole v. Cole, 68 Idaho 561, 201 P.2d 98.

The determination of the custody of children is of such a serious nature, that the court should never act upon less than all, and the best, evidence available, having any bearing on the question of welfare. Cornelison v. Cornelison, 53 Idaho 266, 23 P.2d 252; Krieger v. Krieger, 59 Idaho 301, 81 P.2d 1081.

The court's laudable effort to keep the parties together having failed, and the trial having been closed without a full hearing of all available evidence, we conclude that the cause must be remanded. Since additional proof, having to do with the grounds for divorce, may indirectly affect custody, all issues should be re-examined. The decree is reversed and the cause is remanded with direction to grant a new trial.

On the day this cause was set for oral argument, appellant filed and served a motion of a dual nature. In the first paragraph she asks this court to com-

pel the respondent to comply with an order of the district court for the payment of costs and expenditures on appeal. The order referred to was made some months after the appeal was taken. It is an appealable order. Sec. 13-201 I.C.; Roby v. Roby, 9 Idaho 371, 74 P. 957, 3 Ann. Cas. 50; Vollmer v. Vollmer, 43 Idaho 395, 253 P. 622. Neither party has appealed therefrom. Under such circumstances this court will not enforce the order. Ex parte Cole, 68 Idaho 257, 193 P.2d 395.

In another paragraph of the motion, the appellant asks that this court fix the amount of costs, expenditures and attorneys' fees on appeal, and support money for the plaintiff pending the appeal, and order the immediate payment thereof. Assuming that this part of the motion seeks to invoke the original jurisdiction of this court to issue a writ in aid of its appellate jurisdiction, Const. Art. 5, Sec. 9, the question then arises as to its timeliness and the sufficiency of the showing to require this court to act. This court has consistently held that where necessary to the complete exercise of its appellate jurisdiction, it will order the payment of such costs and support. Roby v. Roby, supra; Day v. Day, 12 Idaho 556, 86 P. 531, 10 Ann.Cas. 260; Spofford v. Spofford, 18 Idaho 115, 108 P. 1054; Enders v. Enders, 34 Idaho 381, 201 P. 714, 18 A.L.R. 1492; Galbraith v. Galbraith, 38 Idaho 15, 219 P. 1059; Hay v. Hay, 40 Idaho 624, 235 P. 902; Vollmer v. Vollmer, supra; Mc-Donald v. McDonald, 55 Idaho 102, 39 P. 2d 293; McHan v. McHan, 59 Idaho 41, 80 P.2d 29. In Bedke v. Bedke, 57 Idaho 443, 65 P.2d 1029, on an original application, this court ordered the same payments made as had been ordered made by the district court. It is the policy of this court to leave to the district court, under authority of section 32-704 I.C., the making and enforcing of all orders necessary to provide the wife with the means of prosecuting or defending on appeal, and temporary alimony, and to exercise its original jurisdiction only upon a showing that such action is necessary to the exercise of its appellate jurisdiction. In this case the appeal had been perfected, record and briefs filed, and the cause was ready for oral argument at the time the motion was filed. In her affidavit the appellant states that she was able to borrow the money required to pay for the costs, transcript, and brief, and her counsel argued the appeal on its merits, mentioning her motion only incidentally.

In other words, she has been able to prosecute her appeal without a writ from this court, and such writ is therefore not necessary to the exercise of the court's appellate jurisdiction. She has a valid order of the district court which that court is as well able to enforce as this court would be its writ. The motion is, therefore, denied. Costs to appellant.

GIVENS, C. J., and PORTER, THOMAS, and KEETON, JJ., concur.