Carl C. REED, Appellant,

v.

Lillian S. REED, Appellee.

No. 12949.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 28, 1955.

Joe Burkett, San Antonio, for appellant.

Wilson F. Walters, Denison, Hoyo, Shelton & Haight, San Antonio, for appellee.

POPE, Justice.

This is a suit to change a child custody order. The trial court formerly gave custody to the father but in this suit granted custody of two children, age three and five, to the mother because conditions have materially changed and the best interests and welfare of the children will be served by such a custody order. The judgment is supported by findings of fact.

 Appellant, Carl C. Reed, obtained a divorce from Lillian S. Reed, the mother, in May, 1954. She did not answer and the court awarded the children to the father. The mother moved to Colbert, Oklahoma, obtained work and still lives there with her parents. In February, 1955, the father suffered a cerebral condition and voluntarily delivered the children to the mother. The court found that the mother was without funds when she was first separated from the father and when he obtained the custody; that she is now able to care for the children; that the children, when delivered to the mother, were neglected, undernourished and sick, and that they are in a much improved

physical condition since the mother has exercised custody. As stated in the appellant's brief, the trial of the issues was a "swearing match." In that kind of suit, the trial court's findings against the appellant left little factual support for this appeal. The trial court did not abuse its discretion. Taylor v. Meek, Tex., 276 S.W.2d 787.

The mother lives with her parents, a short distance beyond the Texas border and works in Texas. The trial court had the power to award custody to one who resides beyond the borders of Texas. Patterson v. Wilson, Tex.Civ.App., 177 S.W.2d 1004; Wrather v. Wrather, Tex.Civ.App., 154 S.W.2d 955; Dickson v. McLaughlan, Tex.Civ.App., 69 S.W.2d 209; Futch v. Futch, Tex.Civ.App., 299 S.W. 289.

The judgment is affirmed.