**Doris A. SIMONSEN, Appellant,**

v.

**John S. SIMONSEN, Appellee.**

**No. 7693.**

Court of Civil Appeals of Texas.

Amarillo.

March 6, 1967.

Rehearing Denied April 10, 1967.

Monning & Monning, Amarillo, Robert R. Bradshaw, Amarillo, of counsel, for appellant.

Culton, Morgan, Britain & White, Amarillo, Don L. Patterson, Amarillo, of counsel, for appellee.

DENTON, Chief Justice.

This is a divorce action brought by John S. Simonsen against Doris A. Simonsen. The trial court, without a jury, granted the husband a divorce; awarded custody of their two minor children to the wife; ordered the plaintiff to pay child support; and divided the community property. The wife, defendant below, has perfected this appeal.

The parties married in Florida in 1959 at which time they came to Texas where the plaintiff was stationed as an Air Force commissioned officer. He was subsequently stationed in West Germany where the parties resided until July, 1963 when they separated. Mrs. Simonsen and the two children then went to Arizona where they have continually maintained their residence. The plaintiff was re-assigned to Amarillo Air Force Base in October 1964. He has resided off the base in Amarillo, Randall County, Texas since that time. He retired from the Air Force on December 31, 1965 and on January 3, 1966 he filed the present suit. On May 25, 1965 Mrs. Simonsen filed a suit for separate maintenance in Maricopa County, Arizona against the plaintiff below. Personal service was had on Simonsen in Amarillo, Texas, however he made no personal appearance. The Arizona court appointed an attorney to represent Simonsen as he was at that time in the military service. On this attorney's motion the proceeding was abated for sixty days and on January 17, 1966 the Arizona court entered a default judgment awarding Mrs. Simonsen a decree of separation to live separate and apart from Simonsen. This decree also awarded her custody of the two children; and awarded her what was designated "the separate property", and further ordered: "That this court retain jurisdiction of the parties and the cause to determine the amount of alimony, child support, and attorneys' fees, at such time as personal service is secured against the defendant". In the instant case Mrs. Simonsen, the defendant, filed a special appearance objecting to the jurisdiction of the Texas court over the person and property of the defendant; a plea in abatement and a plea of collateral estoppel.

Appellant's four points of error present the question of full faith and credit of the Arizona judgment; no evidence and insufficient evidence to support the trial court's finding that appellee was domiciled in Texas; and the trial court's ruling that appellant's special appearance was waived

as to child support, custody and division of personal property by her attorney's appearance in the trial on its merits.

The prior Arizona judgment which appellant contends should be given full faith and credit is a decree of separation from bed and board from appellee. We note appellant filed suit for separate maintenance but the trial court's judgment was a decree of separation from bed and board. They are two separate and distinct remedies and are authorized by different sections of the Arizona statutes. Title 25, Article 3, Section 25–331, A.R.S., entitled "Separation from Bed and Board" reads:

"A. Separation from bed and board forever, or for a limited time, may be adjudged by the superior court on complaint of a married woman as follows:

1. Between any husband and wife, inhabitants of this state.

2. When the marriage took place within this state, and the wife is an actual resident at the time of filing her complaint.

3. When the marriage took place without the state, and the parties have been inhabitants of this state at least one year, and the wife is an actual resident at the time of filing her complaint.

"B. A judgment granting separation from bed and board shall not be a bar to an action for absolute divorce based upon the same ground."

Title 25, Article 4, Section 25–341, entitled "Separate Maintenance" reads:

"A. When the husband wilfully deserts or abandons the wife or when facts exist which would be a ground for granting an absolute divorce, the wife may, without the necessity of an action for a limited or absolute divorce, maintain in the superior court an action against the husband for permanent separate maintenance and support of herself, or herself and children.

"B. The action or the judgment shall not bar plaintiff from maintaining an action for absolute divorce upon the same grounds."

█ The general rule is that in order for a judgment of another state to come within the full faith and credit clause of the United States Constitution, it must be a final, valid, subsisting judgment not vacated or set aside in the state of rendition, and it must be conclusive on the merits. Roberts v. Hodges (Tex.Civ.App.) 401 S. W.2d 332 (Ref. N.R.E.). 34 Tex.Jur.2d, Section 368 and cases cited therein. It appears on its face that the Arizona judgment is not final and did not finally and absolutely determine all rights between the parties thereto. The judgment provided: "That this court retain jurisdiction of the parties and the cause, to determine the amount of alimony, child support, and attorneys' fees at such time as personal service is secured against the defendant." By the very terms of Section 25–331, Subsection B, a judgment granting separation from bed and board "shall not be a bar to an action for absolute divorce based on the same grounds". The Arizona Supreme Court in Davies v. Russell, 84 Ariz. 144, 325 P.2d 402 distinguishes causes of action for divorce and separation from bed and board. The court said: "It is obvious that the relief demanded in the two causes of action is entirely different—After a decree of absolute divorce, the bonds of matrimony are forever terminated, except by remarriage. After a decree of separation from bed and board, the parties may reconcile their differences and restore their marital status by obtaining a vacation of the decree." The Arizona judgment under consideration here made no determination of the parties marital status nor did it affect their economic rights insofar as alimony or child support are concerned. The court acknowledged it lacked jurisdiction to determine these matters because of the lack of personal service upon Simonsen. In White v. White, 83 Ariz. 305, 320 P.2d 702, the Arizona Supreme Court accorded

full faith and credit to a Colorado divorce judgment to the extent the latter judgment dissolved the marriage between the parties. The Arizona court did not apply full faith and credit to the Colorado decree as it affected the economic and property rights of the wife, a resident of Arizona at the time the husband instituted his Colorado divorce. The Arizona court held the wife could continue a suit for separate maintenance, final before the Colorado divorce decree became final, in Arizona, their matrimonial domicile, after the Colorado divorce decree became final. Although the decision is not directly in point, it does serve to indicate the court's analysis of the rights of an Arizona wife seeking separate maintenance from an out-of-state husband. The court concluded: "Plaintiff necessarily is limited to seeking support out of property within the state of Arizona in which it is alleged defendant has an interest. On the substituted service had in the instant case, a personal judgment cannot be obtained against defendant." In the present case, Arizona was not the parties' matrimonial domicile. Simonsen had never resided in the state; no personal service was had upon him in that state; he did not participate in the Arizona proceeding; and except for personal property the parties had no property in the state of Arizona. The Texas court clearly had jurisdiction to determine the marital status of the parties hereto.

The question then presented is whether or not Mrs. Simonsen's prior suit for separation is entitled to full faith and credit by the Texas court to the extent it lacks jurisdiction to award custody of the minor children, child support, and to divide the community property. The trial court in the instant case in effect carried out the provisions of the Arizona decree in two respects: it awarded Mrs. Simonsen the custody of the two children; and awarded her the personal property in her possession in Arizona. While the trial court here had no jurisdiction of the minor children, it nevertheless awarded their custody and control to Mrs. Simonsen. While there was also a lack of jurisdiction to divide and award property situated outside of Texas, it has been held that in setting aside to one spouse property within its jurisdiction, courts may consider the property beyond its jurisdiction in possession of the other spouse. Askew v. Rountree (Tex.Civ.App.) 120 S.W.2d 117 (Writ Dis.). Risch v. Risch (Tex.Civ.App.) 395 S.W.2d 709 (Writ Dis.). Both the Arizona and Texas courts set aside the same personal property to the wife. Both courts took the same action in awarding custody of the children to her. No prejudice could have resulted to Mrs. Simonsen from the Texas court's action. Rule 434, Texas Rules of Civil Procedure. Even if it could be said such action by the Texas court was error, appellant will not be heard to complain. Such action inures to her benefit and it affords no ground for reversal. 4 Tex.Jur.2d, Section 133, page 552.

Article 4639a, Vernon's Ann.Tex. Civ.St. renders it mandatory for a court having jurisdiction of a suit for divorce, where minor children are involved, that such "court shall make such orders regarding the custody and support of each such child or children, as is for the best interest of same". The jurisdiction of the Texas court over the subject matter of divorce is not questioned. The father subjected himself to the jurisdiction of the court for all purposes. He makes no complaint to the trial court's judgment. Courts do not ordinarily award custody of the minor children to one living in another state, but courts have the power to do so. Reed v. Reed (Tex.Civ.App.) 285 S.W. 885. Patterson v. Wilson (Tex.Civ.App.) 177 S.W.2d 1004; (Ref. on merit). Wrather v. Wrather (Tex.Civ.App.) 154 S.W.2d 955; (Ref. on merit). The trial court did not err in awarding the custody and control of the minor children to Mrs. Simonsen. It was then incumbent upon the court to determine if support was required. The court saw fit to require the father to contribute $150.00 per month for such support.

■ Appellant next asserts there was no evidence and insufficient evidence to show appellee was a bona fide inhabitant of the state of Texas. He has physically resided in Amarillo, Randall County, Texas since October 25, 1964 when he was re-assigned to Amarillo Air Force Base. He and his wife had previously separated in July, 1963 when he was stationed in Germany. He was a native of New York State, but had not resided there since 1950. He had continuously resided in an apartment in Amarillo from October 1964 to the time the suit was filed on January 3, 1966. He was on active duty in the Air Force from the date he moved to Amarillo until December 31, 1965, when he retired from the United States Air Force at Amarillo. Appellee had all the physical appearances of being a Randall County resident. Among other things the parties here stipulated plaintiff: "has resided in Amarillo, Randall County, Texas since on or about the 25th day of October, 1964, until the present time". He did not consider New York his residence, but considered Texas his legal residence. The statutory residence requirements for divorce are not jurisdictional but prescribe qualifications for petitioner. Allen v. Allen (Tex.Civ. App.) 397 S.W.2d 99. The fact one is a member of the armed forces does not deprive him of the right to change his residence or domicile and acquire a new one. Robinson v. Robinson (Tex.Civ.App.) 235 S.W.2d 228. Article 4631, V.A.C.S. We think the evidence in this case fully supports the trial court's finding that appellee had been a bona fide inhabitant of the State of Texas and Randall County the required time prior to the filing of this suit.

■ Appellant next challenges the trial court's ruling that by the appearance of her attorney on the issue of divorce, appellant waived her special appearances as to child custody, support, and division of personal property. Rule 120a, paragraph 3, T.R.C.P. provides: "If the court sustains the objection to jurisdiction, an appropriate order shall be entered. If the objection to jurisdiction is overruled, the objecting party may thereafter appear generally for any purpose. Any such special appearance or such general appearance shall not be deemed a waiver of the objection to jurisdiction when the objecting party or subject matter is not amenable to process issued by the courts of this State." In deciding that an order overruling a plea to the jurisdiction was interlocutory and not appealable the court in Carpenter Body Works v. McCulley (Tex.Civ.App.) 389 S.W.2d 331 (Writ Ref.). (Certiorari denied 382 U.S. 979, 86 S.Ct. 550, 15 L.Ed.2d 469) set out the provisions of paragraph 3 of Rule 120a quoted above and held:

"This language to us shows an intention that the party whose plea to the jurisdiction is overruled shall thereafter proceed to trial on the merits and if he suffers adverse judgment on the merits, his complaints on appeal may encompass one complaining of the trial court's action in overruling his plea to the jurisdiction."

We are in agreement with that interpretation of the special appearances rule, and think it is applicable to the instant case. We therefore conclude the trial court erred in holding appellant waived her special appearances by her attorney participating in the hearing on the merits. However, such error was made harmless by the trial court's other findings and orders. Such error does not constitute reversible error under this record for the reasons previously stated.

The judgment of the trial court is affirmed.